GENERAL CASUALTY COMPANY OF AMERICA, a corporation, and General Insurance Company of America, a corporation, Plaintiffs,

v.

Evelyn STANCHFIELD, Verne Stanchfield and Jean Wells, Defendants.

Civ. No. 576.

United States District Court
D. Montana,
Butte Division.

Jan. 20, 1959.

Corette, Smith & Dean, Butte, Mont., for plaintiffs.

J. F. Emigh and H. D. Carmichael, Butte, Mont., for defendants Stanchfield.

McFadden & Davis, Dillon, Mont., for defendant Jean Wells.

MURRAY, Chief Judge.

From the action of the Clerk of this court in taxing costs in favor of the defendants Stanchfield in the sum of $116.-90, and in favor of the defendant Jean

Wells in the sum of $314.40, over objections of the plaintiffs, the plaintiffs appeal. The cost bill of the Stanchfields included but two items, both of which are objected to and since the same two items are included, together with others, in the Wells' cost bill, and are objected to there, the objections to those items in both cost bills will be considered together.

> Fees of Court Reporter for a Portion of the Stenographic Transcript of the Evidence in this Case

 This item refers to the fees paid to the court reporter of this court for the furnishing of a copy of a transcript to counsel for the defendants Stanchfield and a copy of the transcript to counsel for the defendant Jean Wells. The amount in each instance is $88.40. At the outset it is to be noted that the defendants Stanchfield were represented by one set of attorneys, and the defendant Jean Wells was represented by another set of attorneys, and that neither set of counsel represented both defendants.

The plaintiffs' objection to the inclusion of such fees as costs is based upon the ground that such transcript was for the convenience of the respective defendants and was not a transcript prepared for the use of the trial court and was not necessarily obtained for use in the case. In support of their objections they rely on the case of Stallo v. Wagner, 2 Cir., 245 F. 636.

The granting or withholding of costs both under Rule 54(d) of the Rules of Civil Procedure, 28 U.S.C.A., and under Section 1920 of Title 28 U.S.C.A., is within the discretion of the Court. In this case the transcript was used by counsel for the respective defendants after trial in the preparation of their proposed Findings of Fact and Conclusions of Law and briefs in support thereof. The Court is of the opinion that in view of the issues involved in this case, a transcript of the testimony was necessary for this purpose and the costs thereof are properly taxable.

The case of Stallo v. Wagner, supra, relied on by plaintiffs is discussed in Volume 6 of Moore's Federal Practice, Sec. 54.77(7). The discussion of the case is too long to be quoted here, but it points out that the reasoning upon which the Stallo decision was based was not sound, even under the law regarding costs as it existed at the time of that decision, and it further points out that subsequent developments of the law have made the holding in the Stallo case no longer valid. Discussion of these further developments would unduly prolong this memorandum, but reference is made to the above cited section in Moore's Federal Practice, and to the case of Perlman v. Feldmann, D.C., 116 F.Supp. 102, which case also contains a rather lengthy discussion showing that the reasoning in the Stallo case with regard to fees paid for transcript as costs is no longer valid. The Perlman v. Feldmann case, supra, contains a thorough, and what to this Court appears to be a reasonable, discussion of the approach to be taken to the allowance of costs, particularly with regard to fees for transcripts and depositions, and this Court has followed such reasoning in other cases, and based upon that case will overrule the plaintiffs' objections to the taxation of the reporter's fees for transcript as costs in this case. In that connection, one comment is necessary. In the Perlman case, there were several defendants, all of whom were represented by two firms of attorneys, one in New York and one in Connecticut. The Court allowed only the cost of one copy of the transcript despite the two firms of attorneys. The situation in the instant case is different in that as pointed out the defendants Stanchfield and the defendant Wells each had separate counsel and no single set of attorneys represented all of the defendants. It is for

this reason that an allowance of the costs of one copy of the transcript is made to both the defendants Stanchfield and to the defendant Wells.

Therefore, It Is Ordered and this does order that plaintiffs' objections to the taxation of the fees of the court reporter for a portion of the stenographic transcript necessarily obtained for use in the case in the amount of $88.40 as costs in favor of the defendants Stanchfield and the defendant Wells be and the same hereby are overruled.

Fees for Photostatic Copies of Records of Plaintiffs Produced upon Order of Court for use in Case

This is the second item which is included in the cost bill of both the defendants Stanchfield and the defendant Jean Wells.

It refers to photostatic copies which the defendants made of certain correspondence in the files of the plaintiffs and which were produced at the order of the Court during pre-trial discovery proceedings. Subsequently, at the trial of the case the photostatic copies were introduced as exhibits by the defendants and had considerable influence on the ultimate decision of the case by the Court.

Section 1920(4), Title 28 U.S.C.A., provides that a Judge or Clerk of any court of the United States may tax as costs the fees for exemplification and copies of papers necessarily obtained for use in the case. I hold these copies were necessarily obtained for use in the case. In Ryan v. Arabian American Oil Co., D.C., 18 F.R.D. 206, a similar question was presented to the Court. In that case the successful plaintiff claimed as costs the amount paid to defendant's attorney for photostatic copies of the defendant's records ordered during a discovery and inspection proceeding. The action was one for breach of an employment contract and the records in question were

kept by the defendant in connection with the regular and overtime hours worked by the plaintiff. The Court held that since plaintiff did not possess the information contained therein, which related to his third cause of action, the photostatic copies were necessarily obtained for use in the plaintiff's case and the fee paid therefore was taxable as costs. The same thing is true of the photostatic copies of the correspondence in the instant case. See also Banks v. Chicago Mill & Lumber Co., D.C., 106 F.Supp. 234, 236. Burnham Chemical Co. v. Borax Consolidated, Limited, D.C., 7 F.R.D. 341, 343.

Again, this item is allowed to both the defendants Stanchfield and the defendant Wells because of their separate representation in the case.

Therefore, It Is Ordered and this does order that plaintiffs' objections to the taxation for fees for photostatic copies of records of plaintiffs, produced upon order of the Court for use in the case, in the amount of $28.50 as costs in favor of the defendants Stanchfield and the defendant Wells, be and the same hereby are overruled.

It Is Further Ordered that the action of the Clerk of this court in taxing costs in favor of the defendants Stanchfield in the sum of $116.90 be and the same hereby is affirmed.

In addition to the foregoing items which were included in the cost bill of both the defendants Stanchfield and the defendant Wells, plaintiffs made further objections to additional items in the cost bill of the defendant Wells.

Fees of Court Reporter for Stenographic Transcript of the Testimony in the case of Wells v. Stanchfield in Beaverhead County, Montana

[3] This item refers to the fee paid by the defendant Jean Wells to the court reporter in the District Court of Beaverhead County, Montana, for the steno-

graphic transcript of testimony in the case of Wells v. Stanchfield, wherein Jean Wells recovered a judgment against Evelyn Stanchfield.

Since one of the principal issues involved in this case was whether the defendants Stanchfield, by their testimony in the case of Wells v. Stanchfield in Beaverhead County, failed to cooperate with the insurer in the defense of that action, it cannot be doubted that the transcript of testimony in that action was necessarily obtained for use in the trial in this court. While Section 1920 (2), Title 28 U.S.C.A., under which Jean Wells claims this item of cost might be construed to refer only to the fees of the court reporter for transcript of the testimony given during the trial in this court, it would seem that Jean Wells can recover the cost of the Beaverhead County transcript under Section 1920 (4), Title 28 U.S.C.A., which provides for the taxation as costs of fees for exemplification and copies of papers necessarily obtained for use in the case.

Therefore, It Is Ordered and this does order that plaintiffs' objections to the fees paid to the court reporter for the transcript in Wells v. Stanchfield in the amount of $172.50, be and the same hereby are overruled.

Fees of Court Reporter for Copy of Depositions of Verne Stanchfield, Evelyn Stanchfield and Jean Wells

The Clerk taxed as costs the fees paid by the defendant Jean Wells for copies of the depositions taken in the case of Verne Stanchfield, Evelyn Stanchfield and Jean Wells.

As pointed out in Perlman v. Feldmann, supra, while the costs of *taking* depositions may be taxable as costs, fees paid for copies thereof are not ordinarily taxable, the reason being that since the original deposition is on file ordinarily in the office of the Clerk, and is available for inspection by all parties, the procurement of a copy of the deposition is merely for convenience. See also Ryan v. Arabian American Oil Co., supra, and Burnham Chemical Co. v. Borax Consolidated, Limited, supra. This Court has adopted such view.

There is a suggestion in the brief of the defendant Jean Wells that her counsel first discovered that the originals of such depositions had been filed with the Clerk during the course of the trial, when plaintiffs' counsel requested the Clerk to produce the depositions, and that therefore the situation as to Jean Wells was no different than if the depositions had not been filed with the Clerk until trial. With this the Court cannot agree. Counsel for Jean Wells was present at the taking of the depositions and under Rule 30 (f) of the Rules of Civil Procedure, the officer before whom the deposition is taken is required to promptly file it with the Clerk in which the action is pending. Certainly, counsel for Jean Wells would not be justified in presuming that the rule was not complied with, and certainly, inquiry would have revealed that the depositions were filed in the month of November, 1957, approximately 6 months before the trial.

It Is Therefore Ordered that plaintiffs' objections to the taxing as costs of the fees paid the court reporter for copies of depositions of Verne Stanchfield, Evelyn Stanchfield and Jean Wells in the amounts of $11, $10 and $4 respectively be and the same hereby are sustained, and said items of cost be and the same hereby are disallowed.

It Is Further Ordered and this does order that the costs of the defendant Jean Wells be retaxed in the amount of $289.40.