Lester M. MODICK et al., Plaintiffs,

v.

CARVEL STORES OF NEW YORK, INC.,
et al., Defendants.

James OSSOLA et al., Plaintiffs,

v.

CARVEL STORES OF NEW YORK, INC.,
et al., Defendants.

Joseph P. PHELAN, Plaintiff,

v.

CARVEL STORES OF NEW YORK, INC.,
et al., Defendants.

James P. PIERCE et al., Plaintiffs,

v.

CARVEL STORES OF NEW YORK, INC.,
et al., Defendants.

Matthew SEU et al., Plaintiffs,

v.

CARVEL CORPORATION et al.,
Defendants.

Paul S. GIBERMAN et al., Plaintiffs,

v.

CARVEL STORES OF NEW YORK, INC.,
et al., Defendants.

Joseph PAZDRO et al., Plaintiffs,

v.

CARVEL STORES OF NEW YORK, INC.,
et al., Defendants.

United States District Court
S. D. New York.

Oct. 1, 1962.

See also 206 F.Supp. 636.

---

Greenfield, Rothstein, Klein & Yarnell, New York City, for plaintiffs, Sidney W. Rothstein, Jules Yarnell, New York City, of counsel.

Amen, Weisman & Butler, New York City, for "Carvel" defendants, Herbert F. Roth, Astoria, N. Y., of counsel.

DAWSON, District Judge.

This is a motion to review taxation of costs in the above actions. The costs have been taxed by the Clerk only in those cases in which a final judgment was directed to be entered on behalf of the defendants. There are four actions which still await trial on the issue of damages. In those cases no costs have been taxed. There were originally nine lawsuits, in which there were a total of twelve sets of plaintiffs. Each lawsuit alleged a cause of action based on fraud and also a cause of action based on violations of the antitrust laws.

In accordance with a pre-trial order entered on September 22, 1961 all of the actions for fraud were consolidated for trial pursuant to Rule 42(a) of the Rules of Civil Procedure, 28 U.S.C.A. A trial was had and findings of fact and conclusions of law were filed on February 7, 1962. Thereafter the causes of action based on alleged violations of the antitrust laws went to trial. These also were consolidated for trial. Findings of fact and conclusions of law in the antitrust causes of action were filed on June 7, 1962. All of the actions for fraud were dismissed for failure of proof. All of the actions for alleged violations of the anti-

trust laws, with the exception of four, were dismissed. In those four cases the Court decided that the plaintiffs had established violations of the antitrust laws and directed that a hearing be held on the issue of damages. This hearing on the issue of damages has not yet been had and no costs are sought in those cases at the present time.

Since the causes of action of the various plaintiffs were different causes of action involving different sets of facts it became necessary to determine separately the facts as to each set of plaintiffs, both on the fraud causes of action and on the antitrust causes of action, and findings of fact and conclusions of law were handed down separately.

There were a total of sixteen defendants in the fraud causes of action and a total of twenty-three defendants in the antitrust causes of action. It appears from the motion papers submitted by plaintiffs' attorneys that plaintiffs are challenging only the taxation of costs secured by the so-called "Carvel" defendants and not by the supplier defendants.

### 1. *The Prevailing Parties*

■ The first contention of the plaintiffs on this motion for retaxation of costs is that plaintiffs are the prevailing parties and therefore not liable for costs. They assert that since the actions were consolidated for trial and four of the plaintiffs won on the actions for violations of the antitrust laws all plaintiffs should be deemed to be prevailing parties and therefore not liable for costs. This, of course, is erroneous. The fact that the actions were consolidated for trial does not mean that they were any less separate cases. Such consolidation was for the convenience of parties and the Court. There were the same number of cases tried in both the fraud and antitrust aspects and each case must stand on its own feet so far as costs are concerned. The consolidation of separate causes of action involving separate plaintiffs for trial purposes does not free a losing plaintiff from the duty of paying costs

simply because another one of the plaintiffs was successful.

"Where two causes of action, each by a different plaintiff and each against the same defendant, are consolidated for trial, and but one plaintiff is successful, the successful plaintiff is entitled to costs, and defendant is entitled to costs against the unsuccessful plaintiff. * * * " 20 C.J.S. Costs § 95, p. 346; Cornell v. Gulf Oil Corp., 35 F.Supp. 448 (E.D.Pa.1940).

In the Pierce action there were four plaintiffs, each alleging separate causes of action sounding in fraud and violation of the antitrust laws. Here again certain plaintiffs won and certain plaintiffs lost, depending upon the facts of the case. The Court, so far as allowance of costs is concerned, will have to treat each plaintiff separately; those who lost will have to pay costs and those who won will be treated as prevailing parties. The mere fact that plaintiffs joined their causes of action in one suit does not change this rule. Since the four sets of plaintiffs joined in this action did not complain of damages arising out of a single transaction or occurrence, and since the evidence and proof at trial involved four separate claims, with four separate factual situations, each plaintiff will be treated separately in determining the prevailing party entitled to costs.

■ Where a plaintiff was the prevailing party no costs have been assessed against him. Where plaintiff was not the prevailing party costs were properly assessed against him, even though his action had been joined with that of another plaintiff and even though the action was consolidated for trial.

### 2. *Docket Fees*

■ Plaintiffs urge, in the second place, that there should be only a single docket fee in all nine cases since there was a consolidation for trial. This overlooks the fact that docket fees were incurred in each of the actions and that the

actions were consolidated only a relatively short time before trial. A docket fee in each case was properly assessed.

### 3. *Costs for Depositions*

Plaintiffs also complain about the allowance of costs for depositions.

■ It is well established that the cost of taking depositions is taxable in favor of the prevailing party when "the taking of the deposition was reasonably necessary even though it may not have been used at the trial." 4 Moore, Federal Practice § 1207. Title 28 U.S.C. § 1920(2) sets forth clearly that the standard for taxing deposition costs is the necessity for use *in the case*. This language was changed from *on the trial* to indicate that discovery expenses, as well as trial expenses, can be recovered by the prevailing party if reasonably necessary. See Perlman v. Feldmann, 116 F. Supp. 102 (D.C.Conn. 1953).

■ It is true that there were voluminous depositions taken on behalf of the defendants in each of the cases. Yet the severity of the charges promulgated by the plaintiffs, as well as the complexity of the legal and factual issues in each case, justified such lengthy and costly examination. The charge of fraud requires very precise proof and it is understandable that defendants went into great detail during the depositions to ascertain the exact nature of plaintiffs' charges. It should be borne in mind that plaintiffs themselves initiated the actions; they cannot now be heard to complain that defendants made full use of legitimate pre-trial procedures.

■ Plaintiffs argue that even if the costs of depositions are to be taxed to them, their liability should be limited to the cost of a single original copy and not include the cost of duplicate copies obtained from the convenience of counsel. In this contention they are correct. Perlman v. Feldmann, D.C., 116 F.Supp. 102 (D.C.Conn.1953); Hope Basket Co. v. Product Advancement Corp., 104 F.Supp. 444 (W.D.Mich.1954); General Casualty Co. of America v. Stanchfield, 23 F.R.D. 58 (D.C.Mont.1959).

It is not clear from the papers on the taxation of costs whether any portion of the costs taxed for depositions covers duplicate copies obtained for the convenience of counsel. If it does, so much of such costs as are attributable to duplicate copies should be deleted. For this purpose the matter is remanded to the Clerk for consideration of the facts.

### 4. *Trial Transcripts*

Plaintiffs also object to the costs of trial transcripts.

■■ The cost of transcripts of the trial testimony may be taxed against the losing party when in the Court's judgment such transcripts are necessary for use in the case. Title 28 U.S.C. § 1920 (2) specifically authorizes the taxation of such costs, stating that the judge or clerk may tax as costs "fees of the court reporters for all or any part of the stenographic transcript necessarily obtained for use in the case." The determinative consideration, therefore, is whether the transcript was reasonably necessary for "use in the case." Bank of America v. Loew's International Corp., 163 F.Supp. 924 (S.D.N.Y.1958); Manley v. Canterbury Corp., 17 F.R.D. 234 (D. C.Del.1955). In the instant case testimony at the fraud trial lasted for over six weeks and involved twelve different factual situations. Moreover, since all the claims were interrelated to some degree, it was necessary to have available the testimony of prior witnesses in order to minimize time-wasting disagreements as to what each witness actually testified. Because of the anticipated length and complexity of the trial, and since findings of fact and conclusions of law were required to be rendered at its conclusion, the Court, at a pre-trial conference, pursuant to 28 U.S.C. § 1920(2), ordered that a transcript be made and the cost included as part of the taxable costs of the case. The multiplicity of the allegations and the length of the testimony adduced at trial served to reinforce the Court's opinion that copies of the transcript for both the Court and the parties

was a necessity, not merely a convenience.

 The Court concludes that the taxation of costs for the trial transcript and for one copy obtained by defendants for the use of counsel is proper. If plaintiffs were charged for additional copies such additional expenses are not properly taxable. as costs and the matter is remanded to the Clerk for determination of that fact.

### 5. Pre-Trial Transcripts

Plaintiffs next object to the taxation of costs of transcripts of pre-trial conferences.

 The cost of transcripts of pre-trial conferences is taxable when such transcripts are necessary for use in the case. In cases of this type where the issues are varied and complicated, pretrial conferences play an important role in narrowing and delineating the issues to be tried, ascertaining the order of proof and generally laying the groundwork for the trial itself. In the Bank of America case, supra, this Court held:

> "It is clear that the cost of the transcript of the minutes of the pre-trial proceedings may be allowed as a cost of the case, and particularly is this true where the pre-trial proceedings devoted considerable efforts to the limiting and clarifying of issues, were conducted at considerable length and where a proper understanding of the matters covered and preparation of a pre-trial order could not properly be had without a transcript thereof." 163· F.Supp. 924, 931–932.

Pre-trial orders were often made a part of the conference transcript, and in any case, a careful reading of the transcript would have done much to clarify the issues remaining for trial. Defendants obtained and paid for a total of fifteen pre-trial conference transcripts. Only seven are requested to be taxed as costs against the plaintiffs. Defendants assert that they chose these seven conferences because they were devoted to limiting and clarifying the issues and formulating a plan of trial procedures. The remaining eight conferences were not relevant in this regard and no attempt to tax them is made.

In this case the Court feels it must exercise its discretion to tax the costs of pre-trial conference transcripts since they played a vital part in the progress of the lawsuit.

### 6. Witness Fees

The final item objected to in the taxation of costs was the allowance of certain witness fees.

 Witness fees are properly includable as costs of trial, pursuant to 28 U.S.C. § 1920(3). This is true even where the witness is friendly and appears voluntarily and is an officer of a corporate defendant. Kemart Corp. v. Printing Arts Research Lab., 232 F.2d 897 (9th Cir. 1956); Perlman v. Feldmann, 116 F.Supp. 102; Bennett Chemical Co. v. Atlantic Commodities, Ltd., 24 F.R.D. 200 (D.C.N.Y.1959). In the case at bar several witness fees were allowed for officers and employees of the Carvel. defendants. As indicated above, there is no proscription against awarding costs for this reason.

 Plaintiffs object on the additional ground that some witnesses for whom witness fees were awarded were not merely officers or employees of the defendant Carvel Corporation, but were individually named and served as defendants. It is true that witnesses who are real parties in interest are not entitled to reimbursement or allowance for their testimony. 6 Moore, Federal Practice § 54.77(5); Ryan v. Arabian American Oil Company, 18 F.R.D. 206 (S.D. N.Y.1955). It appears that there are five individuals on whose behalf witness fees are requested who are also defendants in certain actions. (Pierce, Giberman and Pazdro). However, the record also indicates that three of these five testified only in actions in which they are not party defendants and the prohibitions against granting witness fees as to these three would not be applicable.

The objection to witness fees granted by the Clerk should be overruled.

Except to the extent that the matter is referred to the Clerk for the ascertainment of facts as outlined in the foregoing memorandum, the taxation of costs made by the Clerk is affirmed. When the Clerk has ascertained the facts as to the matters referred to him, further taxation of costs should be made on those items.