Donald P. **MARINO**, Plaintiff,

v.

The **TOWN OF KIRKLAND, NEW YORK**; Daniel J. English, Individually and as Chief of Police of the Town of Kirkland Police Department; Seth Cresswell, Individually and as an Officer of the Town of Kirkland Police Department, Defendants.

No. 90–CV–300.

United States District Court, N.D.New York.

Feb. 4, 1993.

---

50

Office of Kenneth P. Ray, Utica, NY, for plaintiff.

Hancock, Estabrook Law Firm, Syracuse, NY, for defendants (James E. Hughes, of counsel).

## ORDER

McAVOY, District Judge.

Following trial of this matter upon which a jury returned a verdict in favor of the defendant, defendant applied to the Clerk of the Court for taxation of costs pursuant to Fed.R.Civ.P. 54(d). Such costs were taxed against the plaintiff on or about November 30, 1992. By letter dated December 7, 1992 and received by the Court Clerk on December 8, 1992, counsel for plaintiff objected to the taxation of such costs as excessive. On December 28, 1992, plaintiff filed a motion with this district court seeking to strike costs taxed as excessive under Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920. Defendant has opposed the motion on procedural and substantive grounds.

Procedurally, defendant argues that plaintiff's motion is time barred. Rule 54(d) of the Federal Rules of Civil Procedure provides in pertinent part: "Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." Defendant argues that plaintiff's motion was not served within this five day time span.

Rule 6(a) of the Federal Rules of Civil procedure provides that when computing time periods of less than eleven (11) days, intermediate Saturdays and Sundays

shall be excluded. Excluding Saturday and Sunday in the instant case, and adding three days as required by Rule 6(e), plaintiff's letter to the Clerk indicating its opposition to the taxed costs was filed in a timely fashion. Despite the fact that the formal motion was not filed for another twenty days, the court finds that no prejudice befalls the defendant by treating the notice to the court as plaintiff's notice of motion pursuant to Fed.R.Civ.P. 54(d). Further, in that the five day time period of Rule 54(d) is not jurisdictional, the court may, in its discretion, act upon a motion even though untimely. *See United States v. Kolesar*, 313 F.2d 835, n. 1 (5th Cir., 1963).

■ Turning to the merits, plaintiff argues that the taxation of costs for witness fees, mileage, and service fees for subpoenas of witnesses who appeared but did not testify at trial is improper. As stated in Wright, Miller & Kane, 10 *Federal Practice and Procedure*, § 2678, p. 377:

> Ordinarily, no fee may be taxed for someone who comes to the courthouse but does not testify at the trial, the presumption being that he was not a necessary witness. But this is no more than a presumption and can be overcome if it appears that a court order or some other extrinsic circumstances rendered his testimony unnecessary.... One court has held that costs could be recovered when counsel refrained from calling the witness because of a desire to avoid consuming further time.

*Id.* (citations omitted).

Here, testimony from Michael Conway and Michael Timian was precluded by the court as unduly cumulative and tending to delay the proceedings. Defense counsel testifies that these two witnesses traveled to the federal court fully expecting to testify. Costs relating to these two witnesses are properly taxed.

■ As to witnesses Scott Gall[1] and Irene Sisson, defense counsel contends that

he elected not to offer their testimony because of the court's preclusion ruling and to avoid further delay. Defense counsel also represents that these witnesses were present and willing to testify. Upon these representations, the court finds that costs in relation to these two witnesses were properly taxed.

■ Further, plaintiff objects to the taxation of costs for depositions taken in the case but which were not used at trial. As to the depositions of Linda Marino, Scott Gall, and Eric Gall, 28 U.S.C. § 1920(2) allows the taxation for "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Under this statute, a district court may tax as costs depositions which were not read at trial as long as they were reasonably necessary in the case in general. *In re Air Crash Disaster as John F. Kennedy Airport on June 24, 1975*, 687 F.2d 626, 629 (2d Cir.1982). The deposition of Linda Marino was used in support of a partially successful summary judgment motion. On this basis alone the court deems it necessary to the case and therefore properly taxed.

■ The depositions of Scott Gall and Eric Gall, however, were not used in support of summary judgment nor were they offered at trial. Defendant claims that both witnessed the arrest of the plaintiff yet both refused to speak to the defense absent a subpoena. Therefore, defendant argues that the deposition of each were necessary to the case.

As to Scott Gall who did testify at trial, it can hardly be said that the deposition of a recalcitrant witness who a party needs to offer at trial is anything but necessary. On this basis costs of deposing this witness were properly taxed.

■ With regard to Eric Gall, the reasoning as to Scott Gall applies equally. As previously stated, defense intended to offer the testimony of this witness but then re-

---

**1.** The minutes of the court reflect that Scott Gall did indeed testify. For this reason alone, costs in relation to his testimony were properly taxed. If the plaintiff is arguing, albeit incorrectly, that costs in relation to Eric Gall—who did not testify—should not have been taxed, the reasoning set out in the text applies to him.

**52**

considered its position after the court precluded other witnesses from testifying. Because defendant could not have known that the court would so rule prior to the time of trial, it was not unreasonable to depose Eric Gall. From this it is only logical that the deposition was necessary to the case and that costs in relation to this deposition were properly taxed by the Clerk.

As to the videotaped deposition of William Sarpin, the court finds this to be a reasonable and taxable cost. Like the witnesses who were precluded by court order, defendant's failure to offer the videotaped deposition in lieu of his live testimony can more properly be attributed to changes in trial schedule than to the predilection of the defense. The videotape deposition was not an unreasonable cost and was properly taxed.

Therefore, upon the record before this court, it is hereby

ORDERED that plaintiff's motion objecting to the taxation of costs is, in all respects, denied.

IT IS SO ORDERED.