**John P. McGUIGAN, Plaintiff,**

v.

**CAE LINK CORPORATION, Defendant.**

**No. 91–CV–250.**

United States District Court,
N.D. New York.

May 3, 1994.

See also, 851 F.Supp. 511.

Twining, Nemia & Steflik (Joseph J. Steflik, Jr., of counsel), Binghamton, NY, for plaintiff.

Hinman, Howard & Kattell (Paul T. Sheppard, of counsel), Binghamton, NY, for defendant.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

This suit arose from the termination of John P. McGuigan, an employee of the Marketing Department at CAE–Link Corporation ("CAE–Link"). On May 18, 1989, McGuigan was terminated from CAE–Link during a planned reduction in the company's work force. Contending that he was unlawfully discharged from his position because of his age, plaintiff brought claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and New York Human Rights Law (New York Executive Law, Article 15), and brought a claim for alleged breach of employment contract. The ADEA and Human Rights Law claims survived for trial.

A jury trial of this action commenced on February 22, 1994 and ended on March 7, 1994 with a jury verdict in favor of the defendant CAE–Link. On March 9, 1994, judgment dismissing plaintiff's action was en-

tered by the Court Clerk. On March 17, 1994, defendant filed a bill of costs with the court. The costs were taxed in the amount of $14,807.71 by the Court Clerk on March 18, 1994. On March 28, 1994, plaintiff brought a motion to strike defendant's bill of costs pursuant to Fed.R.Civ.P. 54(d).

## A. Timeliness of Plaintiff's Motion

 ˙Defendant argues that plaintiff's objections to the bill of costs should be denied because the motion to strike the bill of costs was untimely. Fed.R.Civ.P. 54(d) allows costs to be awarded to the prevailing party as a matter of course unless the court directs otherwise. These costs may be taxed by the court on one day's notice and may be reviewed by the court if a motion in objection to the costs is served within five days of the costs being taxed. Fed.R.Civ.P. 54(d). Taking into consideration the exclusion of Saturdays, Sundays, and legal holidays under Fed. R.Civ.P. 6(a), the final day for objections to be filed regarding the bill of costs in this case was March 25, 1994. Plaintiff did not serve his objections until March 28, 1994. However, the five day time limit is not jurisdictional and so the court may entertain the motion even though it was untimely filed. *See Dorothy K. Winston & Co. v. Town Heights Dev., Inc.*, 68 F.R.D. 431, 433 n. 2 (D.D.C.1975); *Baum v. United States*, 432 F.2d 85, 86 (5th Cir.1970); *United States v. Kolesar*, 313 F.2d 835, 837 n. 1 (5th Cir.1963). Therefore, the court will not deny the motion for untimely filing.

## B. Missing Affidavit

 Defendant correctly notes that Local Rule 10(c) requires that all motions include an affidavit in support. However, Local Rule 10(g) states that any papers untimely filed or not in compliance with the requirements of the Local Rules will not be considered in deciding the motion and *may* be deemed as consent to deny the motion. However, the Local Rules place this decision within the court's discretion, and in this case the court declines to deny the motion on the basis of a missing affidavit because the factual basis of plaintiff's motion can be readily ascertained from the papers before the court. The court

will therefore examine the merits of this motion.

## C. Plaintiff's Objections to the Bill of Costs

 "The award of costs against the losing party is a normal incident of civil litigation and is the rule rather than the exception." *Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir.1984). There is a presumption that the prevailing party will be awarded costs and that presumption cannot be overcome unless the unsuccessful party shows good cause for doing so. *Baez v. United States Dept. of Justice*, 684 F.2d 999, 1004 (D.C.Cir.1982). Because of this, "trial judges have rarely denied costs to a prevailing party whose conduct has not been vexatious when the losing party has been capable of paying such costs." *Id.* Furthermore, despite plaintiff's argument, a court cannot refuse to award costs simply because the losing party acted in good faith. *Phillips v. Cameron Tool Corp.*, 131 F.R.D. 151, 153 (S.D.Ind.1990).

### 1. Ability to Pay

 The plaintiff asserts that he has limited financial resources, and thus he is unable to pay the costs taxed by the defendant. While the court agrees that it has discretion to consider the losing party's ability to pay when reviewing the taxation of costs, the party asserting a lack of funds must demonstrate his indigency. *Phillips*, 131 F.R.D. at 153; *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir.1986).

 In this case, plaintiff has pointed only to trial testimony which indicated that he would sustain a business loss of $8,000 during the 1993 fiscal year. However, other trial testimony shows that plaintiff had gross business receipts of over $90,000 in 1990 and $85,000 in 1991. He also continues to receive approximately $14,000 per year in pension benefits, owns a home valued at approximately $130,000, and has a line of credit and various accounts with his bank. These factors do not support a showing that plaintiff is financially unable to pay the taxed costs.

## 2. Cost of Serving Subpoenas

■ Plaintiff argues that a total fee of $78.40 for serving summons and subpoenas on witnesses "lacks detail and is excessive." Pl. Motion to Strike Costs at 1. Defendant makes clear that the costs were for mileage reimbursement of the server who is an employee of defendant's firm and the separate charge of $56.25 was for the cost of a private process server used in one instance to serve a witness in Washington, DC. The costs of private process servers are generally recoverable under 28 U.S.C. § 1920(1). *See Roberts v. Homelite Div. of Textron, Inc.,* 117 F.R.D. 637, 641 (N.D.Ind.1987). The court finds nothing excessive about these charges and finds them sufficiently documented.

## 3. Fees of the Court Reporter

Plaintiff claims that the fees for John McGuigan's depositions are excessive and that the portions of depositions relating to defendant's after-acquired evidence defense, which was never presented to the jury, should not be taxed as costs. Plaintiff also asserts that costs associated with expedited delivery should not be taxed, nor should fees for video recordings which were not presented to the jury. Furthermore, plaintiff claims that the invoice for stenographic services is not sufficiently detailed.

■ 28 U.S.C. § 1920(2) allows for the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." It is unclear as to how the fees for these depositions are excessive. However, in bringing suit, plaintiff opened himself to examination of his entire work history and it is inappropriate to complain now that the defendant "made full use of legitimate pre-trial procedures." *Modick v. Carvel Stores of New York, Inc.,* 209 F.Supp. 361, 364 (S.D.N.Y.1962). Furthermore, that some portions of the depositions were not presented at trial does not make them "unnecessary." *Id.; Roberts,* 117 F.R.D. at 639. The standard for taxing depositions is whether they were necessary for use *in the case. Marino v. Town of Kirkland,* 146 F.R.D. 49, 51 (N.D.N.Y.1993); *Modick,* 209 F.Supp. at 364. Since the jury found for the defendant, it became unneces-

sary during the course of the trial to introduce the after-acquired evidence defense. However, such information was still needed in order to prepare for the possibility of an outcome in favor of the plaintiff.

■ As for the expedited delivery charges on several of the depositions, defendant notes that the depositions in question were taken within a week of a scheduled trial date, and so quick delivery was necessary. The court agrees that under such circumstances expedited delivery is reasonable and the cost of such delivery should be taxed.

■ In regard to the videotaping of the trial testimony of Larry Monson and Frank Donohue, the court itself ordered the taping because these witnesses were expected to be unable to testify in person at trial due to previous commitments to be out of the country during the time the trial was rescheduled. Because these circumstances, the taxing of costs associated with the videotaping is reasonable. *See Marino,* 146 F.R.D. at 52.

■ Plaintiff's complaint that the invoice for stenographic services is not sufficiently detailed is also without merit. Plaintiff asserts that Invoice 28/032293MM does not identify the witness or the nature of the proceedings for which the services were rendered. However, that bill shows that it was for services on February 19, 1993, and it should be apparent to plaintiff's attorney that it was a bill for the deposition of Peter Quast since he was present at that deposition. Therefore the stenographic transcript costs in the amount of $4,834.25 have been reasonably taxed.

## 4. Witness Fees

■ Plaintiff asserts that all witness fees associated with prior trial dates and multiple witness fees for the same witness should be disallowed as unnecessary. Under 28 U.S.C. § 1920(3) the prevailing party is entitled to "fees and disbursements for printing and witnesses." However, as stated in Wright, Miller & Kane, 10 *Federal Practice and Procedure,* § 2678, p. 377:

ordinarily, no fee may be taxed for someone who comes to the courthouse but does

not testify at the trial, the presumption being that he was not a necessary witness. But this is no more than a presumption that can be overcome if it appears that a court order or some other extrinsic circumstance rendered his testimony unnecessary.

*Id.*

Such is the case when a stipulation by the parties makes the testimony of the witness no longer necessary. *Wehr v. Burroughs Corp.*, 477 F.Supp. 1012, 1022 (E.D.Pa.1979). In this case, Mrs. McGuigan's treating physicians were served with subpoenae duces tecum for the original trial date because initially the plaintiff brought into question the health of his wife. Plaintiff's subsequent trial brief notified defendant that he would no longer make his wife's health a direct issue, and thus these witnesses were not subpoenaed for the rescheduled trial. However, when incurred, these witness expenses were reasonable and necessary and should be awarded.

▮ Furthermore, the "multiple witnesses fees" paid to Dr. Edward Miller and Eugene E. Banick also appear reasonable and necessary. According to the defendant, these witnesses were subpoenaed and paid twice, first for the production of documents at trial and subsequently for trial testimony. In the case of Dr. Miller, after complying with the first subpoena, it became necessary to subpoena him again to testify as to the meaning of notes on the documents due to unexpected objections made by the plaintiff.[1] The fact that Dr. Miller never did testify was due to the withdrawal of plaintiff's objection to the documents, but nonetheless, the second witness fee is appropriate. *Id.* In the case of Mr. Wright, he produced the documents under the first subpoena and then was needed at trial to impeach the plaintiff's testimony. Mr. Wright did give the impeachment testimony and so the second witness fee was properly taxed.

▮ Plaintiff also claims that witness fees for Larry Monson and Sidney Wright

should not be allowed because they are employees of CAE–Link and were in Binghamton for at least four days, and thus "it can be assumed that during such time each [or] either performed or could have performed work for the defendant unrelated to this action." Pl. Motion to Strike Costs at 2–3. The court finds this objection unwarranted. First, these witnesses may not be denied fees simply because they are employees of the defendant. *See, e.g., Electronic Specialty Co. v. International Controls Corp.*, 47 F.R.D. 158, 162 (S.D.N.Y.1969). Second, "the general rule is that witness fees and subsistence fees are not limited to the day the witness actually testifies but include those days in which the witness reasonably and necessarily attends trial." *Mastrapas v. New York Life Ins. Co.*, 93 F.R.D. 401, 405–06 (E.D.Mich. 1982). Also included may be time spent during delays and temporary adjournments and travel time. *Green Constr. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670 (D.Kan. 1994).

According to an affidavit supplied by the defendant, these witnesses did not perform work for CAE–Link while in Binghamton and stayed only as long as reasonably necessary given the travel involved and the time spent testifying at trial. The court finds these costs associated with their appearances reasonable and necessary.

### 5. Fees for Exemplification and Copies of Papers

28 U.S.C. § 1920(4) provides reimbursement for "exemplification and copies of papers necessarily obtained for use in the case." The records provided to the court delineating copying expenses must simply be the "best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir.1991). Defendant has provided the court with records of photocopies made in relation to this case and attests that they are the best available from the records of the case. Considering that this

---

**1.** The plaintiff had originally stipulated that the documents could be offered without objection to their foundation.

trial was document intensive, the costs appear reasonable.

The court will also allow the taxation of costs involving the exemplification of the Sentencing Memos and Plea Agreements of George Barna and Gordon Stred. It is permissible to tax exemplification costs if they were necessary to the preparation of a party's defense regardless of the fact that the documents themselves were not introduced in evidence. *Gillam v. A. Shyman, Inc.,* 31 F.R.D. 271, 274 (D.Alaska 1962); *American Title & Trust Co. v. Gulf Refining Co.,* 72 F.2d 248, 251 (2d Cir.1934). In this case, defendant has attested that these two individuals were listed on plaintiff's witness list and the sentencing and plea information was necessary as impeachment material in anticipation of their testimony. The court agrees that this is a necessary and reasonable expense.

### 6. Other Costs

Finally, plaintiff objects to various expenses set forth in defendant's "Schedule E." Specifically, plaintiff objects to the costs of faxes sent to local phone numbers and the purchase of three-ring binders. As for the faxes, they were sent to the law firm representing the plaintiff. If they did not want to accept faxes from the defendant firm, they could have objected to the practice when it occurred. A claim that they are inappropriate brought at this time appears unreasonable to the court. Furthermore, the pre-trial order in this suit required the parties to assemble trial exhibits in binders, and so the expense for three-ring binders is also reasonable and necessary. *See Intermedics, Inc. v. Ventritex, Inc.,* 1993 WL 515879, 1993 U.S.Dist. LEXIS 17803 (N.D.Cal. Dec. 2, 1993) (allowing taxation of binder costs requested by the court). Additionally, the cost of charts used in trial is also reasonable and necessary. *In re Air Crash Disaster at J.F.K. Int'l Airport,* 687 F.2d 626, 631 (2d Cir.1982). Additionally, the cost of filing a copy of the notice of removal from state court is required under 28 U.S.C. § 1446(d). This case was removed from Broome County Court at a cost of $170. Such a cost is taxable under 28 U.S.C. § 1920(1).

### D. Conclusion

In conclusion, the court upholds the Bill of Costs as taxed by the court on March 18, 1994 in the amount of $14,807.71 and denies the objections of the plaintiff in their entirety.

**IT IS SO ORDERED.**