**PARTS AND ELECTRIC MOTORS, INC., Plaintiff,**

v.

**STERLING ELECTRIC, INC., Defendant.**

**No. 83 C 2349.**

United States District Court, N.D. Illinois, E.D.

Dec. 22, 1988.

Michael K. McGreal, James E. Carroll, Antonow and Fink, John H. Ward, Chicago, Ill., for plaintiff.

Douglas A. Lindsay, Robert A. Subkowsky, Lewis, Overbeck & Furman, James R.

Gannon, Chicago, Ill., John R. Kuhnmuench, Jr., Johnson, Roberg, Haight and Kuhnmuench, Milwaukee, Wis., Stephen C. Neal, Clay A. Tillack, William F. Dolan, Kirkland & Ellis, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

### HOLDERMAN, District Judge:

On April 4, 1983 plaintiff Parts and Electric Motors, Inc. ("P & E") filed a complaint against Sterling Electric, Inc. ("Sterling") charging Sterling with violating the Sherman and Clayton Acts. After two motions for summary judgment and reassignment to this court from the calendar of Judge Kocoras, the case proceeded to a jury trial. The jury returned a verdict for the plaintiff on the issue of liability and thereafter assessed damages in the amount of $1,231,992.00 which was automatically trebled under the antitrust laws to $3,695,-976.00.

After the verdict, but before the court's determination as to the post-trial motions, the Seventh Circuit decided *Will v. Comprehensive Accounting Corporation*, 776 F.2d 665 (7th Cir.), *cert. denied*, 475 U.S. 1129, 106 S.Ct. 1659, 90 L.Ed.2d 201 (1985). Based primarily on the *Will* opinion, this court granted Sterling's motion for judgment notwithstanding the verdict and conditionally ordered a new trial. P & E appealed this court's decision to the Seventh Circuit. The Seventh Circuit reversed and remanded the case for further determination. After considering the Seventh Circuit's opinion on appeal, this court denied Sterling's renewed motion for a new trial and directed P & E to file its Bill of Costs and Fees. Sterling appealed this court's denial of a new trial to the Seventh Circuit. On December 1, 1988 the Seventh Circuit affirmed this court's decision. 866 F.2d 228.

Pending before the court at this time is P & E's petition for costs and attorney's fees through February 29, 1988.

## DISCUSSION

Fed.R.Civ.P. 54(d) authorizes a district court to award costs to a prevailing party. *State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855 (7th Cir.1981). Courts may award only those expenses specifically recognized by statute. *Id.* Section 4 of the Clayton Act permits a successful antitrust plaintiff to recover "threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15(a) (1982). Section 1920 of the Judicial Code sets out those litigation expenses that are taxable as costs. 28 U.S.C. § 1920. Pursuant to these statutes, P & E requests the court to award $1,234,-293.00 in attorney's fees and $35,679.79 in costs against Sterling.

### A. Attorney's Fees

P & E computed its attorney's fee award by calculating a "lodestar fee" and augmenting this fee to account for its attorneys' risk of nonpayment due to the contingent nature of the fee agreement and for P & E's extraordinary success in prevailing on all the issues at trial. Sterling makes several objections to P & E's fee request.

■ First, Sterling objects that P & E is not entitled to recover for the hours that Mr. Michael McGreal spent in the courtroom during trial. According to P & E, Mr. McGreal provided essential trial support by assisting in the preparation of witnesses, taking notes on the evidence and the reactions of the jury, and controlling the documents and exhibits at trial. P & E may recover for the hours Mr. McGreal spent in the courtroom. Mr. McGreal is one of only three attorneys who attended the trial on behalf of P & E. The fact that Mr. McGreal was not notified that he passed the bar exam until two weeks after the trial commenced does not indicate that Mr. McGreal's hours are not recoverable.

■ Second, Sterling contends that the court should disallow half of the hours P & E's attorneys spent compiling and reviewing jury instructions. The court disagrees. After reviewing the billing entries which Sterling compiled in Exhibit B to its Response Memorandum, the court concludes

that the amount of time P & E attorneys actually worked on jury instructions is not unreasonable in a case of this magnitude.

■ Third, Sterling contends that P & E is not entitled to recover for the amount of time Mr. John Ward, a new attorney, spent acquainting himself with the particulars of the case. The court agrees that "transition time" for new attorneys is not compensable. *See Exhibitors' Service, Inc. v. American Multi-Cinema,* 583 F.Supp. 1186, 1193 (C.D.Cal.1984), *rev'd on other grounds,* 788 F.2d 574 (9th Cir.1986). A few of Mr. Ward's billing entries reflect "transition time." *See, e.g.,* Mr. Ward's entries for 1/31/85, 2/01/85, 2/10/85. P & E is not entitled to recover 5.3 of Mr. Ward's stated hours. This reduction decreases the lodestar figure by $1,087.00.

Next, Sterling argues that P & E's lead attorney, Mr. Joseph P. Antonow, utilizes inflationary billing practices because he bills his time in ½ hour increments. The other Antonow & Fink attorneys billed their hours on this case in 1/10 hour increments. *See* the Billing Entries for John H. Ward, Joseph H. Fink, William I. Goldberg, and James E. Carroll. Mr. Antonow's hours must be reduced by 20.75 hours to reflect his billing practices.[1] This reduction reduces Mr. Antonow's hours to 195.5.

Fourth, Sterling contends that P & E is not entitled to the entire amount of time it claims for Paul A. Minorini and John J. Grieger, two paralegals or law students, because much of their activities should have been absorbed in Antonow & Fink's overhead. Mr. Minorini and Mr. Grieger spent most of their time organizing the case file and updating filing indices. However, these individuals also spent some time copying documents and acting as a messenger service. These hours are not recoverable as attorney's fees. Thus, Mr. Grieger's hours must be reduced by 1.9 and Mr. Minorini's hours must be reduced by 2.4. This reduction decreases the lodestar fee by $150.00.

Fifth, Sterling objects that P & E's fee application is full of "inconsistent, vague and inadequately documented billing." Sterling notes that the application contains instances where one attorney claims to have met with another attorney but the meeting is not supported by other billing entries. This inconsistency is likely due to the fact that not all the attorneys who were present at the meeting believed that their participation justified billing entry. Sterling claims that P & E cannot recover expenses associated with preparing a witness who never actually testified at trial. However, these hours were not excessive and were reasonably spent. Sterling also claims that P & E cannot recover for the time it spent on unrelated or unsuccessful claims or defenses. P & E claims it already deducted the hours it spent on unsuccessful claims from its application. Because Sterling has not identified any particular time entry containing such impermissible time, the court concludes that P & E did not include such time in its application.

Sixth, Sterling contends that P & E cannot calculate its attorney's fees based upon current hourly rates. P & E states that the partners who worked on the case billed their hours at $185 to $325 per hour; that the associates who assisted them billed their time at $85 to $140 per hour; and that this hourly amount included an increase to reflect the time value of money. The affidavit of Paul E. Slater attached to P & E's application indicates that the prevailing hourly rates for antitrust attorneys in this jurisdiction are: $175 to $225 per hour for primary trial counsel, $125 to $150 per hour for secondary trial counsel, and $110 per hour for subordinate counsel. (Slater Aff. 11).

P & E apparently believes that Mr. Slater's affidavit correctly estimates the prevailing hourly rates for antitrust attorneys in this jurisdiction. Mr. Slater's estimates suggest that the primary trial attorneys, who were most involved in the case and produced the most valuable results, should bill, at most, $225 per hour for their time. Mr. Antonow and Mr. Fink, therefore, neither of whom were involved at the trial,

---

**1.** The court arrived at this figure by multiplying the number of entries Mr. Antonow rounded to the nearest ½ hour (83) by the average error (.25 hours).

may only bill their time at $225 per hour.[2] This deduction reduces the lodestar fee by $28,658.00 (including the earlier adjustment of Mr. Antonow's hours).

Finally, Sterling contends that P & E is not entitled to any augmentation of the lodestar figure. P & E seeks a $200,000 upward adjustment of the lodestar fee to account for the exceptional results P & E's attorneys achieved in this case. A strong presumption exists that at the time a fee petition is filed the lodestar figure represents a "reasonable" attorney's fee. *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986) (*"Delaware I"*). In *Delaware I*, the Supreme Court considered whether a court may adjust a lodestar figure to account for the results obtained from the litigation. The Court noted that an attorney is obligated to perform to the best of his ability and to produce the best possible results, and held that adjustments are permissible but only in "rare" and "exceptional" cases. 106 S.Ct. at 3098.

■ The litigation between these two parties was not rare and exceptional. Most antitrust cases require attorneys to apply fairly complex legal principles to complicated factual circumstances. This case did not appear to be any more complex or difficult than other cases concerning illegal tying agreements and the application of the Sherman and Clayton Acts. Although plaintiff's trial attorneys successfully achieved a verdict in favor of P & E, the means of achieving the verdict do not justify a greater attorneys' fee award than is already represented by the lodestar figure. P & E is not entitled to recover an additional $200,000 for its attorneys' performance.

Sterling also contends that P & E may not adjust the lodestar fee upward by $450,000 in order to account for risk of nonpayment. In *Pennsylvania v. Delaware Valley Citizens' Council*, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) (*"Delaware II"*), the Supreme Court considered whether fee shifting statutes (in

that case, Section 304(d) of the Clean Air Act, 42 U.S.C. § 7604(d)) permit a court to enhance a lodestar figure for contingency of success. The Court concluded that "multipliers or other enhancement of a reasonable lodestar fee to compensate for assuming the risk of loss is impermissible under the usual fee shifting statutes." *Id.* 107 S.Ct. at 3087; *Zipes v. Trans World Airlines, Inc.*, 846 F.2d 434, 443 (7th Cir. 1988). P & E therefore may not augment the lodestar fee to account for risk of nonpayment.

In sum, after considering Sterling's objections to P & E's application for attorney's fees, the court concludes that P & E is entitled to recover $554,399.00 in fees from Sterling.

## B. *Costs*

P & E seeks to recover $35,679.79 in costs of suit from Sterling. However, Sterling brings a number of objections to P & E's proposed Bill of Costs.

First, Sterling objects that Section 1821 of the Judicial Code, 28 U.S.C. § 1821, limits P & E's recovery for expert witness fees to $30 per day. Section 1821 provides that witnesses who attend proceedings in federal court (including depositions) should receive $30 per day for attending at trial and for traveling to and from the trial. 28 U.S.C. §§ 1821(b) and (c). The section also permits a witness to receive a subsistence allowance when an overnight stay is required. 28 U.S.C. § 1821(d). The Supreme Court has explicitly held that, absent a contract or explicit statutory authority to the contrary, a federal court is bound by the limits of Section 1821 in awarding a prevailing party the fees it paid to its own expert witnesses. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987).

■ P & E's expert witness (Dr. Skoog) charged $15,682.70 for his services in connection with this case. According to the statement of his expenses and the charges for hours he worked on the case, Dr. Skoog

2. Likewise, the secondary trial attorneys should bill their time at $150 per hour or less and any

other non-trial staff on the case should bill their time at $110 per hour or less.

spent most of his time on this case researching antitrust law, meeting with P & E attorneys, and preparing his testimony. P & E may not recover Dr. Skoog's compensation for these services. Dr. Skoog spent only eight days either testifying at the trial or at his deposition. (PX E). P & E therefore is entitled to recover $240 from Sterling to compensate for Dr. Skoog's testimony.

 As to Sterling's remaining objections, Sterling contends that P & E's accountants' fees and costs of a title search are not taxable under 28 U.S.C. § 1920. The court agrees, and reduces P & E's Bill of Costs by $3,360.00 for accountants' fees and $214.00 for the title search. Finally, Sterling contends that P & E is not entitled to recover the costs of copying and enlarging exhibits and obtaining deposition transcripts. However, these costs are taxable under Section 1920 and are not unreasonable. All other objections by Sterling to P & E's proposed Bill of Costs are denied.

In sum, P & E is entitled to recover $16,473.09 in costs from Sterling.

## CONCLUSION

Defendant Sterling is ordered to pay over to plaintiff P & E $570,872.09 in costs and attorney's fees.