**Kevin PHILLIPS, Plaintiff,**

v.

**CAMERON TOOL CORPORATION and Ford Motor Company, Defendants.**

**No. IP 88–359–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

May 29, 1990.

---

Richard D. Schreiber, Stephen G. Gray, Indianapolis, Ind., for plaintiff.

Keith A. Gaston, Thomas J. Grau, White & Raub, Indianapolis, Ind., for defendants.

## MEMORANDUM ENTRY DISCUSSING PLAINTIFF'S OBJECTION TO DEFENDANT'S BILL OF COSTS

TINDER, District Judge.

This cause comes before the court on plaintiff's objection to defendant Cameron Tool Corporation's bill of costs. After a trial by jury concluded on November 29, 1989, defendant was found not liable for the injuries suffered by the plaintiff when a large metal die fell on his foot, resulting in the amputation of part of his leg. As the prevailing party, the defendant filed a bill of costs with the clerk of this court on February 7, 1990, pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d). The clerk sent notice on April 10, 1990, to the plaintiff and his attorney that costs would be taxed on April 20, 1990. On April 20, plaintiff filed with the clerk's office an objection to the bill of costs. Defendant submitted a response brief in support of its bill of costs on May 2, 1990.

Defendant seeks $10,686.05 in costs related to this case. Defendant's bill of costs lists $771.75 in court reporter fees for trial transcripts, $535.00 in witness fees, $835.66 in costs for reproducing and enlarging photographs, videotaping the metal die, and

producing a diagram of the shop floor where the plaintiff was injured, and $8,543.64 for costs incident to the taking of depositions. Plaintiff objects to being taxed on all these costs, except for $535.00 in witness fees to which no objection is raised.

The plaintiff makes two general arguments against the taxing of costs, neither one of which is persuasive. First, plaintiff argues that the litigation was not frivolous and was prosecuted in good faith. Frivolousness and bad faith on the part of the losing party are not, however, pre-conditions to the taxing of costs. *See, e.g.,* Bartell, *Taxation of Costs and Awards of Expenses in Federal Court,* 101 F.R.D. 553, 561 (collecting cases that permit taxing of costs despite losing party's good faith). Second, plaintiff argues that this court should consider his financial status, with special emphasis on his reduced work capacity, and medical expenses. Plaintiff cites *Badillo v. Central Steel & Wire Co.,* 717 F.2d 1160 (7th Cir.1983), in support of his argument, but overlooks these words from that case which indicate the burden is on the losing party to establish his indigency:

> We feel that it is within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d). This Court has recently stated that the inability to pay is a proper factor to be considered in granting or denying taxable costs. Mindful of the presumption that costs are to be awarded to the prevailing party under this rule, we hold that this presumption may be overcome by a showing of indigency.

*Id.* at 1165 (citations omitted).

Plaintiff has not come forward with evidence of indigency. Indeed, at trial, the evidence showed that after the accident he obtained a management position with a manufacturing company in Georgia, and is earning a good income, in fact, a higher income than he earned before the accident. The evidence at trial also indicated that the plaintiff has no dependents. Although plaintiff has medical expenses resulting from the accident, there has been no showing that these expenses render him indigent. To make such a showing, plaintiff could have submitted a balance statement showing his assets and debts, and an income statement showing his yearly income and expenses, or simply submitted an affidavit swearing to his indigency. Having done neither of these, plaintiff has failed to overcome the presumption that costs should be awarded to the prevailing party.[1]

Title 28, U.S.C. § 1920(2) permits the taxing of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." It is within the discretion of the trial court to tax costs for a daily transcript. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 234, 85 S.Ct. 411, 415–16, 13 L.Ed.2d 248 (1964). Plaintiff's sole ground for objecting to this cost is that defendant has failed to establish the necessity of the trial transcripts. Defendant obtained 139 transcript pages of its cross-examination and re-cross of the plaintiff, Kevin Phillips, at the rate of $4.00 a page, totalling $556.00. In addition, the defendant obtained 245 transcript pages of direct and re-direct examination of Robert Hume and John Pettinger, at the rate of $0.75 a page, totalling $183.75, and 32 pages of testimony of Ron Koziol, at the rate of $1.00 a page, totalling $32.00.[2] All of these witnesses were important to the defendant's case, the issues involved were technically complicated and the questions posed to the witnesses were unusually detailed,

---

1. Plaintiff is free to file with this court a motion to reconsider, which motion could be supplemented with an affidavit or other evidence of indigency.

2. The court reporter charges for every page of testimony that is transcribed, at a rate that depends on both the time pressure (ordinary, expedited, daily, and hourly) and the number of copies requested (original, first copy, and additional copies). Phillips, Pettinger and Hume's transcripts were all provided on an expedited basis, while Koziol's transcripts were provided at the more expensive hourly rate. Phillips' transcript pages, being the originals, were more expensive than the transcript pages of Pettinger, Hume and Koziol, which were copies of originals already requested by the plaintiff.

the trial was fairly lengthy with testimony extending over three weeks, plaintiff's claim was quite large, and the credibility of the witnesses (particularly Phillips and Pettinger) was very important to the outcome of the case. *Cf. Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 719 (N.D.Ill.1982) (listing the factors that a court should consider when deciding whether to tax the costs of daily transcripts). Thus, all of these costs will be taxed to the plaintiff.

Title 28, U.S.C. § 1920(3) permits the recovery of witness fees. Plaintiff does not object to being taxed $535.00 in witness fees, and so this amount will be taxed to the plaintiff.

Title 28, U.S.C. § 1920(4) permits a prevailing party to recover "fees for exemplification and copies of papers necessarily obtained for use in the case." Under this provision, defendant seeks to recover the following costs: (1) $540.00 for videotaping the metal die that fell on the plaintiff's foot at the plant, (2) $112.34 for a schematic drawing of the accident area at the plant, (3) $75.90 for reprints of photographs, and (4) $107.42 for enlarging these photographs. Plaintiff objects to the taxing of these costs on two grounds.

First, plaintiff argues that the defendant's videotape and photographs were duplicative of plaintiff's own photographs and of the jury's view of the die at the courthouse steps (during trial, plaintiff arranged to have the die transported to the steps of the courthouse on a flatbed truck, and the jury was allowed to inspect the die). Second, plaintiff argues that the defendant's failure to obtain the approval of this court prior to incurring these exhibit expenses precludes recovery. To support this second argument, plaintiff cites to a Fifth Circuit opinion, *Studiengesellschaft Kohle v. Eastman Kodak Co.*, 713 F.2d 128, 132–33 (5th Cir.1983). In that case, the Fifth Circuit held that the taxing of costs for charts, models and photographs had no statutory basis, and therefore would be allowed only if the prevailing party obtained the pretrial authorization of the court. *Accord Johns–Manville Corp. v. Cement Asbestos Prod-* *ucts Co.*, 428 F.2d 1381, 1385 (5th Cir.1970). This court, of course, sits in the Seventh Circuit, which has taken a slightly different approach to the taxing of these costs. In *Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir.1975), the Seventh Circuit acknowledged the Fifth Circuit's rule of disallowing the taxing of costs for all exhibits that lacked the trial court's prior approval, but refused to adopt that rule as its own, preferring a more flexible rule:

> [T]his court has allowed costs for models and charts. *W.F. & John Barnes Co. v. International Harvester Co., supra*, 145 F.2d [915] at 916, 918 [ (7th Cir.1944) ]. Other circuits have refused to allow such costs for lack of statutory authority. *Specialty Equipment & Mach. Corp. v. Zell Motor Car Co.*, 193 F.2d 515, 520–521 (4th Cir.1952); *Johns–Manville Corp. v. Cement Asbestos Products Co.*, 428 F.2d 1381, 1385 (5th Cir.1970). While we do not overrule our prior decision in the *Barnes* case, which has been the law in this circuit for over 30 years, we must require district courts, in ruling on applications for allowance of expenditures for models and demonstration exhibits as costs, to heed the admonition of the *Farmer* case (379 U.S. at 235, 85 S.Ct. at 416) that "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." Ordinarily, it will be best to follow professor Moore's suggestion that prior approval of the district court be obtained, if a party wishes to use an expensive model or exhibit, the expense of which he will seek to have taxed as costs. 6 J. Moore, Federal Practice, *supra*, ¶ 54.77[6], at 1739–1741.

The Seventh Circuit precedent controls the decisions of this inferior court. Plaintiff counsel, although failing to cite the appropriate authority in this circuit, is fortunate that this court does not believe it would be proper to penalize the plaintiff for counsel's misdeeds by taxing him for all of these costs. The videotape of the die and the defendant's photographs of the die and the plant were not so essential to the defendant's case as to justify the award of

costs. *Cf. Independence Tube Corp.*, 543 F.Supp. at 722 (photographs taxable only if necessary to understanding of issue and material aid to jury). The videotape was relatively expensive and was duplicative of the photographs of the die and the jury's own viewing of the die. The photographs were also duplicative. The schematic drawing, however, was not duplicative and was helpful to the jury's understanding of the accident scene. The plant where the accident occurred was large and cluttered with heavy machinery, coils of steel, and dies. The photographs admitted into evidence depicted the accident scene and the equipment involved from various angles, but failed to provide an overall picture of the accident scene, the equipment and the witnesses' locations at the time of the accident. The schematic diagram helped fill in this gap, and was useful to both sides' presentation of the case. Therefore, the $540.00 cost incurred in videotaping the die, and the $183.32 cost incurred in reprinting and enlarging the photographs will be stricken from defendant's bill of costs on grounds that these exhibits were not essential to the defendant's case and lacked pre-trial approval.[3] The defendant will be awarded $112.34 in costs for the schematic diagram.

■ Title 28, U.S.C. § 1920(2) permits a prevailing party to recover the costs incident to the taking of a deposition, so long as the deposition was reasonably necessary for the preparation of the case. *Wahl v. Carrier Mfg. Co.*, 511 F.2d at 217. The defendant in this case seeks to recover $8,543.64 in costs incidental to the taking of seventeen depositions of sixteen witnesses. These costs represent over 80% of the total bill of costs sought by the defendant. In attacking these costs, plaintiff objects on the sole ground that "the Defendant has failed to establish that each deposition was reasonably necessary and has wholly failed to explicate the way each deposition was reasonably necessary." Plaintiff's Objection to Bill of Costs, at 2. The law in this circuit is clear that "[t]he losing party's objections to the taxation of depositions or parts of depositions must be specific." *Independence Tube Corp.*, 543 F.Supp. at 717; *Federal Savings and Loan Ins. Corp. v. Szarabajka*, 330 F.Supp. 1202, 1210 (N.D.Ill.1971). Plaintiff's one sentence objection to the taxing of these costs falls far short of this requirement of specificity. Counsel for the plaintiff should be capable of better work than the mere assertion of an objection, especially in light of the fact that plaintiff counsel is trying to fight off the taxing of over $8,500 in deposition costs for his client. If plaintiff's counsel was serious about the objection, he should have taken the time to properly support it. The entire costs incidental to the taking of depositions, totalling $8,543.64, will be taxed to the plaintiff.[4]

In conclusion, defendant's bill of costs will be reduced by $723.32, which was the

---

**3.** It is important to note that this court is not establishing any maximum dollar value for expenses that may be taxed to the losing party without pre-trial judicial authorization. There is no bright line. When trying to decide whether or not to seek judicial approval before incurring a trial exhibit expense, counsel should consider the absolute expense of the exhibit in conjunction with the exhibit's anticipated usefulness and importance at trial. For example, the cost of preparing a very costly exhibit may still be taxed to the losing party even without pre-trial judicial authorization if such an exhibit is critical to the presentation of the case. *See Ingersoll Milling Machine Co. v. Otis Elevator Co.*, 89 F.R.D. 433 (N.D.Ill.1981) (court permits award of $11,500 to prevailing party for cost of building scale model of machinery incurred without pre-trial court approval, on grounds that the model was "indispensable to *both* parties' presentation of their respective cases."). In this case, while not overly expensive in absolute terms, the videotape and photographs were of only marginal value to the defendant's case at trial.

**4.** Plaintiff's objection might be well taken with respect to certain portions of some of the depositions, but this court does have the overall recollection that the depositions as a whole were useful in the detailed examinations at trial. It is unnecessary and inappropriate for the court to review hundreds of pages of depositions in search of a specific argument to make on behalf of plaintiff's objection. Instead, counsel must focus this court's attention by specifying which depositions or parts of depositions are objectionable. Even if this court were to expand upon plaintiff counsel's unacceptably abbreviated objection by scouring the depositions, the facts of this case suggest that the vast bulk of the cost of the depositions would still be taxable. As was suggested in *Roberts v. Homelite Division of Textron, Inc.*, 117 F.R.D. 637,

amount spent on videotaping the metal die, and reprinting and enlarging the photographs. In all other respects, the defendant's bill of costs is proper. Such costs, totalling $9,962.73, will be taxed to the plaintiff.

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REDUCE DEFENDANT'S BILL OF COSTS

This cause comes before the court on plaintiff's motion for reduction of defendant's bill of costs. The issues have been fully briefed by the parties. A memorandum entry of this same date has been issued containing the reasoning of this court in support of this order.

IT IS NOW ORDERED, ADJUDGED AND DECREED that the Clerk of this Court shall tax against the plaintiff, Kevin Phillips, $9,962.73 in costs incurred by the defendant, Cameron Tool Corporation, in its successful defense of this cause. Those costs taxed in this cause, pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d), include:

| | |
|---|---|
| Fees for trial transcripts | $ 771.75 |
| Fees for witnesses | $ 535.00 |
| Fees for trial exhibits | $ 112.34 |
| Costs incident to taking of depositions | $8,543.64 |
| **TOTAL** | **$9,962.73** |

Defendant's costs, totalling $723.32, incurred in videotaping the metal die ($540.00), and reprinting ($75.90) and enlarging ($107.42) photographs, shall be disallowed by the Clerk of this Court, for the reasons outlined in the accompanying memorandum entry. This deduction has already been made from the accounting related above.

ALL OF WHICH IS ORDERED.

639–640 (N.D.Ind.1987), cases of this nature generally merit "a substantial amount of time and effort in preparation," and the taxing of deposition costs should be allowed so long as the "number of depositions taken clearly was not excessive." The time and effort the defendant committed to this case was commensurate with its exposure and was in line with the complexity of the case. Counsel for both sides posed carefully worded and detailed questions to the witnesses, and made frequent objections to questions. As a result, this trial, more than most, required the use of both trial transcripts and deposition testimony.