ARACHNID, INC., Plaintiff,

v.

VALLEY RECREATION PRODUCTS, INC., Defendant.

No. 88 C 20299.

United States District Court, N.D. Illinois, W.D.

Sept. 14, 1992.

James B. Muskal, Leydig, Voit, Mayer, Ltd., John J. Held, Jr., George P. McAndrews, Thomas J. Wimbiscus, James D. Bennett, McAndrews, Held & Malloy, P.C., Chicago, Ill., for plaintiff.

John L. Cline, William, Brinks, Olds, Hofer, Gilson & Lione, Ltd., Chicago, Ill., for defendant.

## ORDER

REINHARD, District Judge.

### INTRODUCTION

On June 29, 1992, this court granted Valley Recreation Products, Inc.'s, defendant, motion for summary judgment of noninfringement. On July 28, 1992, defendant filed a bill of costs to which Arachnid, Inc., plaintiff, objects. Defendant's bill of costs seeks the following: $3,794.81 for court reporter's transcripts; $1,016.88 for printing; $676.00 for witnesses; and $6,668.16 for exemplification and copies of papers. The total bill of costs amounts to $12,155.85.

### DISCUSSION

■ Pursuant to Fed.R.Civ.P. 54(d), costs shall be allowed as of course to the prevailing party and generally, except when specific provisions are otherwise made, costs are taxed pursuant to 28 U.S.C. § 1920. Deposition transcripts are recoverable as costs under § 1920(2). *See Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1242 (7th Cir.1985). The introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition. *Hudson*, 758 F.2d at 1243.

■ Photocopying charges attributable to discovery and the court's copies of pleadings, motions and memoranda are reasonably necessary for use in the case and can be awarded. However, extra copies of filed papers and correspondence, and copies of cases are not recoverable. *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 722 (N.D.Ill.1982). Copies of court filings are not recoverable under 28 U.S.C. § 1920(4). *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990). Photocopy charges are properly taxable only to the extent that the copies are used as court exhibits or were furnished to the court or opposing counsel. *Board of Directors, Water's Edge v. Anden Group*, 135 F.R.D. 129, 138 (E.D.Va. 1991). The proper test for taxing the cost of charts, photographs and similar items is whether they were necessary to an understanding of an issue and a material aid; costs of demonstrative materials which were merely illustrative of expert testimony, other adequate evidence or argumentative matter are not taxable. *Independence Tube*, 543 F.Supp. at 722–23. Thus, whether the costs for copies, transcripts and exhibits are recoverable depends on the use of these materials.

Plaintiff does not contest the $676.00 sought for fees for witnesses' deposition expenses and therefore, that portion of defendant's bill of costs is granted.

■ Defendant's bill of costs seeks $1,016.88 as fees for printing. This cost is based on exhibits prepared for this case. This court believes that the exhibits were necessary to understand the issue in this case and were a material aid in the disposition of this case. During the consideration of defendant's motion for summary judgment of noninfringement, this court extensively used not only defendant's but also plaintiff's exhibits which were provided to this court. Therefore, defendant's bill of costs for $1,016.88 for printing is granted.

■ Defendant also seeks $6,668.16 for copying expenses. As noted earlier, the case law is clear that whether copies are recoverable as costs depends on the *use* of the copies. Plaintiff contends that defendant has failed to make any showing that the copies were necessarily obtained for use in this case. Defendant contends that

there is no authority which requires the moving party to describe with particularity the use of each copy. This court was also unable to find authority for this proposition. However, based on the redacted copies of defendant's law firm invoices, which is the only evidence presented as to the costs for copies, this court is unable to determine the use of the copies and without such a showing, cannot properly tax these as costs. Therefore, defendant's bill of costs for $6,668.16 for copies is denied.

■ Defendant also seeks $3,794.81 for fees for the court reporter for transcripts. Plaintiff contends that the deposition of Jon Liljequist and George Newitt continued longer than necessary, and requests that the cost be reduced. Plaintiff also contends that the other depositions were unnecessary. In this patent infringement case, the deposition testimony of plaintiff's experts was very important to the outcome of this case. Further, this court cannot say that in this case that depositions which last two or three days is unreasonably long. *Cf. A Report on the Conduct of Depositions*, 131 F.R.D. 613 (1990) (proposing deposition be limited to two days). Further, three of the four depositions which plaintiff claims were unnecessary were designated to be read into evidence at trial. Thus, they were necessarily obtained for use at trial. Therefore, defendant's costs of $3,794.81 is granted.

## CONCLUSION

Defendant's bill of costs is granted in part and denied in part. Defendant's bill of costs is granted as to the fees for the court reporter, printing and witnesses which totals $5,487.69.