ENDRESS + HAUSER, INC.
et al., Plaintiffs,

v.

HAWK MEASUREMENT SYSTEMS
PTY. LTD., et al., Defendants.

No. IP92–440C B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

April 8, 1996.

P. Donald E. Knebel, James A. Coles, Mark Janis, Dwight D. Lueck, Barnes & Thornburg, Indianapolis, Indiana, for plaintiffs.

Thomas G. Watkins, III, Cahill Sutton & Thomas, Phoenix, AZ, for defendant.

### ENTRY REGARDING AWARD OF COSTS

BARKER, Chief Judge.

This cause is before the Court on Defendant Hawk Measurement Systems' ("Hawk") Objections to Plaintiff Endress + Hauser's ("E + H") Bill of Costs. The Court, having reviewed the bill of costs and considered Defendants' objections, now finds that several of Defendants' objections are well taken, and accordingly, allows Plaintiff's Bill of Costs in part.

■ The Federal Rules of Civil Procedure instruct the Court that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Federal Rule of Civil Procedure 54(d). Congress has set forth, in 28 U.S.C. § 1920, the costs to be awarded:

> A judge or clerk of any court of the United States may tax as costs the following;
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Whether or not to award specific costs is within the discretion of the court, but it is clear that if the cost is listed in § 1920, a presumption exists that it will be taxed; conversely, if the cost is not listed in § 1920, the court should exercise its discretion sparingly in taxing such a cost. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964); *see also, McGovern Construction Corp. v. Bouchard*, 1996 WL 131782 at *1 (N.D.Ill. March 20, 1996); *Somat Corp. v. Somat Corp.*, 1993 WL 75155 at *1 (N.D.Ill. March 15, 1993).

E + H seeks $10,883.30 in costs related to this case. E + H's Bill of Costs lists the following costs:

| | | |
|---|---|---|
| 1. | Filing Fee of the Clerk of Court | $ 120.00 |
| 2. | Court Reporter fees | $1,262.62 |
| 3. | Exemplification & Copies of papers | $2,149.15 |
| | a. documents obtained $698.55 through discovery | |
| | b. copies of pleadings and $993.60 other documents filed | |
| | c. charges for obtaining $457.00 patent-related documents | |
| 4. | Costs incident to taking depositions | $2,128.91 |
| 5. | Preparation of Courtroom Displays | $1,311.00 |
| 6. | Copying Trial Exhibits | $ 822.00 |
| 7. | Computer–Assisted Legal Research | $3,089.62 |

Hawk objects to being taxed on all these costs, except for the $120 filing fee and the $698.55 charge for copying documents produced by Hawk during discovery. Each of Hawk's objections will be addressed in turn.

### 1. Copies of pleadings and documents served and filed.

■ E + H requests $993.60 for the cost of reproducing three copies each (one copy for the court and two for service) of 1,656 pages of "pleadings and other documents served and filed".[1]

Hawk first questions E + H's calculation of the number of pages in the pleadings, claiming that "a cursory review of Hawk's copy of E + H's pleadings appears to be substantially fewer than 1656 pages." (Objections at 3). In addition, Hawk argues that only the court's copy of the pleadings is taxable, and that the other copies not filed with the Court "are not necessary, but are for the convenience of the attorneys and are therefore not taxable". (Id., quoting, Independence Tube Corp. v. Copperweld, 543 F.Supp. 706, 722 (N.D.Ill.1982), aff'd, 691 F.2d 310 (7th Cir. 1982), rev'd on other grounds, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984)).

The Seventh Circuit has consistently held that "extra copies of filed papers . . . are not necessary but are for the convenience of the attorneys . . .". Independence Tube, 543 F.Supp. at 722; However, there is no bright-line rule, as Hawk seems to suggest, that only the court's copy of filed papers are taxable. To the contrary, "whether copies are recoverable as costs depends on the use of the copies." Arachnid, Inc. v. Valley Recreation Products, 143 F.R.D. 192, 193 (N.D.Ill., 1992). In other words, we are not required to deny costs for any copies other than the court's copy. Instead we must inquire whether the other copies were "necessarily obtained for use in the case", as provided by § 1920(2). In this case, the two copies of pleadings and papers served on

Hawk, as required by the Federal Rules of Civil Procedure,[2] cannot accurately be characterized as "extra copies . . . for the convenience of the attorneys", but were instead unquestionably "necessarily obtained for use in the case", and are thus taxable under 28 U.S.C. § 1920. Had E + H made any further additional copies, not to be filed or served on any party, those extra copies would not be taxable. We grant E + H's request for taxation of the cost of three copies, at $0.20 per page, of the pleadings and other documents served and filed in the case.

As for Hawk's objection to the number of pages, there is no room for disagreement: the pleadings and documents served and filed either did or did not include 1,656 pages. The court should not have to, and will not, count the pages for the parties. The parties have until and including April 17, 1996 to confer and tender jointly to the court a stipulated computation of the number of pages which constitute the "pleadings and other documents served and filed" in this case. Upon receipt of this stipulated computation, the court will calculate the award based upon the page number figure tendered by the parties and will enter a final award of costs consistent with this entry. If no stipulated computation is tendered to the court by the required date, the court will accept E + H's page count and enter a final award of $993.60 for this element of costs.

### 2. Copies of Patent–Related Documents

■ E + H requests $457 for the cost of obtaining copies of patents, file histories, and other patent documents, "related to the many patents which Defendants sought to use to invalidate the patent in suit." (Reply at 2).

Hawk claims that because "only the Snyder '650 patent was placed at issue in this case", only copying costs for the '650 patent, the file history of that patent, and the prior

---

1. E + H bases its copying expenses on a $0.20 per page copying rate. Hawk raises no objection to the per page rate.

2. Rule 5 of the Federal Rules of Civil Procedure provides in relevant part:

. . . every pleading . . ., every paper relating to discovery required to be served upon a party . . ., every written motion . . . and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties . . .

art references cited in prosecution of that patent should be allowed. The cost of copying only these documents, according to Hawk, totals $58.20.

"Copies of patents, file wrappers and photoprints reasonably necessary for use in the case are recoverable as costs." *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 216–217 (7th Cir.1975). We agree with E + H that taxable patent-related documents in this case are not limited to the '650 patent. Documents related to other patents put into issue by Hawk in its attempt to invalidate the '650 patent are also "necessarily obtained for use in the case" and are therefore taxable as costs.[3] Therefore, we overrule Hawk's objection to the requested costs of copying patent-related documents and grant the $457 requested.

### 3. Deposition Expenses

■ E + H requests $2,128.91 for expenses incurred in transcribing deposition testimony and obtaining copies of deposition transcripts of Robert E. Kiser, Clarence Mason and Gordon Beazley.

Hawk objects, arguing that neither the Kiser nor the Beazley deposition transcripts were introduced into evidence at trial, and for that reason they cannot be taxed as costs. The cases cited by Hawk in support of this objection do hold that costs for depositions not introduced at trial are "generally not recompensable under Rule 54(d) and 28 U.S.C. § 1920," *Wolfe v. Wolfe*, 570 F.Supp. 826, 829 (D.S.C.1983); *see also, Sperry Rand Corporation v. A–T–O, Inc.*, 58 F.R.D. 132, 138 (Va.1973) (holding that the expenses of depositions taken merely for discovery purposes should be borne by the party taking them). However, Hawk fails to mention that "[t]he generally accepted view, and the one adopted by this circuit, is that introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition." *Hudson v. Nabisco Brands,*

*Inc.,* 758 F.2d 1237, 1243 (7th Cir.1985), *overruled on other grounds, Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989). The relevant question is "whether the particular deposition was reasonably necessary to the case, not whether it was actually employed in court." *Soler v. McHenry,* 771 F.Supp. 252 (N.D.Ill.1991), *aff'd sub nom Soler v. Waite*, 989 F.2d 251 (7th Cir.1993), *citing, Illinois v. Sangamo Const. Co.*, 657 F.2d 855, 867 (7th Cir.1981); *see also, McGovern Construction Corp. v. Bouchard*, 1996 WL 131782 at *1 (N.D.Ill. 3/20/96); *Voight v. Subaru–Isuzu Automotive, Inc.*, 141 F.R.D. 99, 103 (N.D.Ind.1992) ("introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition."); *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706 (N.D.Ill.1982) (cost of deposition which appeared to be reasonably necessary at time taken may be taxed even if not used at trial).

E + H explains that the Kiser and Mason depositions were used to establish personal jurisdiction over the defendant, and that the Beazley deposition was used to prepare for trial and to impeach Beazley at trial. We find that these explanations are sufficient to verify that the challenged depositions were reasonably necessary to the case, even if not actually used at trial. Therefore, we overrule Hawk's objection to the Deposition costs and grant E + H's request for $2,128.91.

### 4. Trial Transcripts

■ E + H requests $1,262.62, representing one-half of the total bill for trial transcript and reporting services incurred in obtaining a transcript of the infringement phase of the trial of this case.[4] E + H asserts that this transcript was necessary to enable it to respond to Hawk's post-infringement phase motions, and to prepare for the validity phase of the trial.

---

3. *See, e.g.*, this Court's Entry on Patent Damages, dated June 27, 1995, at pp. 4–5, for reference to other patents relevant to this case, specifically Canadian Patent No. 1,067,992 (the Canadian counterpart to the '650 patent), the British counterpart to the '650 patent, and U.S. Patent No. 4,596,144 and it's Canadian counterpart.

4. E + H seeks to recover only one-half of the cost of the infringement phase transcript because a non-party, Milltronics, which is also engaged in litigation against Hawk, paid for one-half of the cost of the infringement phase transcript.

Hawk's objection to this particular cost is in the form of a request for further information from E+H as to whether the requested cost represents the cost of only the original transcript or includes charges for one or more additional copies. E+H, in its reply, states that the cost includes the cost of 777 pages of an original transcript at $3.00 per page ($2,331), plus an additional copy at $0.25 per page ($194.25).

The cost of obtaining an original transcript of trial proceedings is taxable where, as here, it was obtained to respond to the other party's post-trial motions. *See, Independence Tube,* 543 F.Supp. at 719. E+H obtained the infringement phase transcript because "it was needed to respond to post-infringement phase motions filed by the Defendants, and to prepare for the validity phase of the trial." (Memorandum at 3). We therefore find that the original transcript was necessarily obtained for use in this case.

█ Several courts have held that, in certain circumstances, an additional copy of trial transcript is taxable. *Sperry–Rand,* 58 F.R.D. at 137–38 (where transcript was filed in Virginia, Connecticut counsel could tax cost of additional copy, which "is necessary if counsel is to make use of the transcript at all"); *McHenry v. Joseph T. Ryerson Co.,* 104 F.R.D. 478, 481 (N.D.Ind.1985) (where at least one of plaintiff's lawyers was located a distance from the court house at which the deposition transcripts were on file, "the practicalities of adequately preparing the case for trial dictate the use of deposition copies"). However, as always, the relevant inquiry is whether the additional copies were necessarily obtained for use in the case. In this case, E+H has provided us with nothing from which we can conclude that an additional copy of the transcript was anything more than a convenience to E+H's counsel. Generally, when a court is unable to "determine whether the copies in question were reasonably necessary for use in the case, the claim for costs should be denied". *Bouchard,* 1996 WL 131782 at *2, *quoting, NLFC, Inc. v. Devcom Mid–America, Inc.,* 916 F.Supp. 751, 762 (N.D.Ill.1996). We find that the additional copy of the infringement phase transcript was merely "an extra copy . . . for the convenience of the attorneys," and as such is not taxable. Accordingly, we grant $2,331 for the cost of obtaining an original transcript, and deny E+H's request for $194.25 for the additional copy.

### 5. *Courtroom Displays*

E+H requests $1,311 for the cost of photo enlargements and mounting of artwork for use as exhibits ($420) and desktop publishing costs for creating artwork ($891). E+H asserts that these enlargements and exhibits were necessary to help understand the issues raised in the case, and that they were used extensively by the parties at trial.

Hawk contends that the cost of enlarging and mounting is "entirely unrelated to the cost of copying" the exhibit, and that § 1920(4) authorizes only "copying", not "mounting" or "enlarging".

█ It is well established that the costs associated with the production of demonstrative exhibits are taxable, so long as the exhibits were "necessary to an understanding of an issue and a material aid to the jury . . . [and not] merely illustrative of expert testimony, other adequate evidence, or argumentative . . ." *Independence Tube,* 543 F.Supp. at 722–23 (citations omitted). Hawk's contention that § 1920 authorizes only "copying" and not other services such as "mounting" or "enlarging" which are commonly used in producing demonstrative exhibits, is an overly restrictive interpretation of § 1920. The Seventh Circuit has held that "costs for the copying and collating of exhibits and the *graphics charges* fall squarely within [the language of § 1920(2)." *Haroco, Inc. v. American National Bank and Trust Co. of Chicago,* 38 F.3d 1429, 1441 (7th Cir.1994) (emphasis added); *see also, Soler,* 771 F.Supp. at 256 ("The costs of enlarging trial exhibits are recoverable."), *citing, Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.,* 123 F.R.D. 584, 589 (N.D.Ill.1988). Therefore, Hawks objection to the taxation of display production costs other than photocopying costs is without merit.

█ Finally, Hawk argues that prior approval of the court should be obtained as a condition to having expenses associated with

courtroom exhibits taxed as a cost, citing as support for this contention *Phillips v. Cameron Tool Corp.*, 131 F.R.D. 151, 154 (S.D.Ind.1990). In fact, the *Phillips* opinion noted the Seventh Circuit's rejection of the Fifth Circuit's strict rule disallowing the taxation of exhibit costs lacking prior court approval. Instead, the Seventh Circuit and this Court have adopted a more flexible rule which balances the necessity of the exhibits with their costs. *Id., citing, Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir.1975). In this case, we find that E + H's claim that the displays were necessary to help understand the issues remains unrebutted, and, particularly since the exhibits were used extensively at trial by both parties, we will not require prior court approval as a condition to having the costs taxed. *See, EEOC v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 625 (N.D.Ill. 1987) (court "may award costs for exhibits without prior approval, particularly where . . . the exhibits proved very helpful to the court, given the length of the trial, the complexity of the issues . . ."), *citing, Independence Tube*, 543 F.Supp. at 723. Accordingly, we grant E + H's request for $1,311 for the costs of producing courtroom displays.

### 6. *Trial Exhibits*

E + H requests $822 for the copying costs of preparing five sets of trial exhibit books, which were used by the Court, its Clerk, and the parties.

Hawk argues that under *Independence Tube*, only "the court's copies of pleadings, motions and memoranda" are "reasonably necessary for use in the case". "Exhibit copies", argues Hawk, "do not represent 'pleadings, motions and memoranda'", and therefore should not be taxed as a cost. In the alternative, Hawk argues that if this cost is taxed, only a single set should be taxed for a charge of $164.40.

Section 1920 does not limit taxation of photocopying expenses to those types of papers specifically mentioned in *Independence Tube*, i.e. to "pleadings, motions and memoranda", but permits taxation of costs for "exemplification and copies of papers necessarily obtained for use in the case." Courts have held that under § 1920(4), "duplication of

exhibits is a taxable item". *Olga's Kitchen of Hayward, Inc. v. Papo*, 108 F.R.D. 695, 712 (E.D.Mich.1985), *aff'd in part, rev'd in part*, 815 F.2d 79 (6th Cir.1987); *Principe v. McDonald's Corp.*, 95 F.R.D. 34, 37 (E.D.Va. 1982) (allowing cost of duplicating exhibits for each juror).

Having decided that duplication of trial exhibits in general is taxable, we now turn to the question of whether all five copies made for use by the parties and the court are compensable, or whether, as Hawk contends, only the court's copy is taxable. We have already noted the Seventh Circuit's rejection of a bright line rule allowing taxation of only the court's copy of papers in favor of a more flexible rule under which compensability depends upon the use of the copies. *See, Arachnid*, 143 F.R.D. at 193; *EEOC v. Sears*, 114 F.R.D. at 625 (recognizing *Independence Tube* rule that "extra" copies are not taxable, court allows taxation of six copies of deposition transcripts, trial exhibits, etc.). We agree with the *Arachnid* court's holding that photocopy charges are properly taxable "to the extent that the copies are used as court exhibits or were furnished to the court or opposing counsel." *Id.*, 143 F.R.D. at 193. Accordingly, because the five copies were made for use by the Court and the parties, we find that they were "necessarily obtained for use in the case," and grant E + H's request for $822.

### 7. *Computer–Assisted Research*

E + H requests $3,089.62, for expenses relating to research on Westlaw, Lexis and Dialog databases necessary to the preparation of motions and for the preparation for trial.

In *Independence Tube*, the plaintiffs were awarded the cost of computerized legal research as part of their "costs" because, as the court explained, "the use of computer aides in research is 'reasonable, if not essential, in contemporary legal practice,' and 'replaces by instantaneous and supposedly infallible retrieval, many hours which would be billable if performed by human talent'." 543 F.Supp. at 723 (citations omitted). However, the Seventh Circuit has more recently held that the

costs of computer research "are attorney's fees and may not be recovered as costs". *Haroco*, 38 F.3d at 1440; *see also, McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990) (computerized research expenses "are more akin to awards under attorneys fees provisions than under costs"). E + H was awarded costs but was expressly denied attorney's fees in this case. Therefore, because costs associated with computer-assisted research are a component of attorney's fees and not costs, we uphold Hawk's objection, and strike $3,089.62 from E + H's Bill of Costs.

### CONCLUSION

Based upon the above reasoning, the Court finds as follows:

1) Objection (1) above is overruled. The court finds that E + H is entitled to reimbursement for the cost of three copies of the pleadings and documents served and filed. The parties are granted until and including April 17, 1996 to confer and tender jointly a stipulated computation of the number of pages included in the "pleadings and other documents served and filed". Upon receipt of the stipulation, the Court will enter a final award. If no such stipulation is received by April 17, the Court shall then grant E + H's request for $993.60, for three copies of 1,656 pages at $.20 per page.

2) Objection (2) above is overruled. The court finds that E + H is entitled to reimbursement in the amount of $457 for the cost of copying all patent-related documents relevant to this case, not limited to the '650 patent.

3) Objection (3) above is overruled. The court finds that E + H is entitled to reimbursement in the amount of $2,128.91 for the cost of transcribing and copying deposition transcripts.

4) Objection (4) above is sustained as to $194.25. The court finds that E + H is entitled to reimbursement in the amount of $2,331 for the cost of obtaining an original transcript of the infringement phase of this trial, but is not entitled to the costs of making an additional copy of the transcript.

5) Objection (5) above is overruled. The court finds that E + H is entitled to reimbursement in the amount of $1,311 for the cost of producing courtroom displays.

6) Objection (6) above is overruled. The court finds that E + H is entitled to reimbursement in the amount of $822 for the cost of preparing five sets of trial exhibit books for use by the Court, the Court Clerk, and the parties.

7) Objection (7) above is sustained in its entirety. The court finds that E + H is not entitled to reimbursement for the cost of computer-assisted research, and $3,089 is stricken from the Bill of Costs.

The remainder of the bill is uncontested and is allowed.

It is so ORDERED.