Jose M. SOLER, Plaintiff,

v.

Mary E. McHENRY, et al., Defendants.

No. 86 C 5836.

United States District Court, N.D. Illinois, E.D.

Aug. 14, 1991.

Emanuel M. Krakauer, Chicago, Ill., for plaintiff.

Mark Puccio, Knight, Hoppe, Fanning & Knight, Ltd., Des Plaines, Ill., for defendants.

## ORDER

BUA, District Judge.

Following his arrest for disorderly conduct, Jose Soler filed this lawsuit based on alleged violations of his civil rights. Specifically, Soler accused Arlington Heights police officer Charles F. Waite of using excessive force to effectuate the arrest.

The case proceeded to trial. During jury selection, Waite used a peremptory challenge to excuse Wanda Motton, the only black person on the venire. Soler objected, suggesting that Motton was excluded solely because of her race. The court overruled Soler's objection, and impaneled the jury.

The jury returned a verdict in favor of Waite. Soler filed a motion for a new trial, asserting two arguments: 1) that Waite had excluded Motton from the jury on account of her race, in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and its progeny; and 2) that the court had erroneously excluded evidence relating to the disposition of the criminal charges against Soler. Waite responded to Soler's motion, and then filed a separate motion to recover costs. Soler neglected to file any memoranda (either in support of his motion for a new trial or in opposition to Waite's motion for costs), despite receiving two extensions of time from the court.

On April 9, 1991, this court entered an order denying Soler's motion for a new trial. In the same order, the court granted Waite's motion for costs, assessing costs against Soler in the amount of $3,082.46. Soler now urges the court to reconsider the denial of his motion for a new trial and the award of costs to Waite.

### I. Soler's Motion for a New Trial[1]

The Equal Protection Clause prohibits the use of peremptory challenges to

---

1. In his motion to reconsider, Soler only raises the jury selection issue. The court, therefore,

exclude jurors on the basis of race. *Batson*, 476 U.S. at 89, 106 S.Ct. at 1719.[2] The discriminatory exclusion of even one juror violates the mandate of *Batson*, regardless of whether it occurs in a civil or criminal case. *Edmonson v. Leesville Concrete Co.*, —— U.S. ——, 111 S.Ct. 2077, 2087–88, 114 L.Ed.2d 660 (1991).

Initially, Waite argues that Soler may not object to the exclusion of a black juror because Soler himself is not black. The Supreme Court recently considered and rejected this argument. In *Powers v. Ohio*, —— U.S. ——, 111 S.Ct. 1364, 1373, 113 L.Ed.2d 411 (1991), the Court stated that "[t]o bar petitioner's claim because his race differs from that of the excluded jurors would be to condone the arbitrary exclusion of citizens from the duty, honor, and privilege of jury service." Quite simply, "race is irrelevant to a defendant's standing to object to the discriminatory use of peremptory challenges." *Id.* Soler may assert the constitutional claim at issue even though he does not share the same race as the excluded juror.

■■■ As the objecting party, Soler carries the burden of proving purposeful discrimination. *Cf. United States v. Nichols*, 937 F.2d 1257, 1262 (7th Cir.1991). Ordinarily, Soler would be required to first establish a prima facie case of discrimination, and then the burden would shift to Waite to present a nondiscriminatory reason for the peremptory challenge. *Batson*, 476 U.S. at 96–97, 106 S.Ct. at 1722–1723. In this case, however, Waite articulated a reason for the challenge before Soler presented any relevant facts in support of his objection. Since Waite offered an explanation before Soler had a chance to make a prima facie showing of discrimination, the question of whether Soler has made such a showing is moot. *Hernandez v. New York*, —— U.S. ——, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991).

■■■ The primary question, then, is whether Waite gave a race-neutral reason for his peremptory strike. To withstand scrutiny, Waite's explanation must be "clear and reasonably specific"; but it "need not rise to the level justifying exercise of a challenge for cause." *Batson*, 476 U.S. at 97–98, 106 S.Ct. at 1723–1724. Unless the explanation given is inherently discriminatory, it will be deemed race neutral. *Hernandez*, 111 S.Ct. at 1866.

■■■ Waite explained that he excluded Motton because she was employed as a cardiology technologist. Motton's occupation is significant because Soler alleged that the arrest had aggravated his heart condition. In Waite's view, Motton's training and experience with the kind of heart problems suffered by Soler could color her ability to evaluate the facts from a neutral perspective.

Soler contends that Waite's explanation is merely a pretext for purposeful discrimination. This court disagrees. Soler has offered no evidence that tends to support his allegation of discrimination. The explanation given by Waite does not reflect an intent to exclude blacks from the jury. His explanation is related to facts of this specific case and not some class-based characteristic or group affiliation. The court sees no reason to doubt the sincerity of Waite's reason for excluding Motton. Nothing in his demeanor or statements during *voir dire* support an inference of racial discrimination. It is also worth noting that Waite defended his exclusion of Motton without any prompting by the court. *See id.* at 1872 ("the court could have relied on the fact[ ] that the prosecutor defended his use of peremptory challenges without being asked to do so by the judge").

In support of his position, Soler emphasizes that the peremptory challenge had a disproportionate impact on minorities because no blacks were left sitting on the jury. But this fact, standing alone, does not translate into a per se equal protection violation. *Id.* at 1867. The court must

---

will not address the evidentiary question raised in Soler's original motion for a new trial.

**2.** Since this case originated in federal court, the constitutional right at issue arises under the Due Process Clause of the Fifth Amendment (and its equal protection component). *Edmonson v. Leesville Concrete Co.*, —— U.S. ——, 111 S.Ct. 2077, 2080, 114 L.Ed.2d 660 (1991).

look at the *intended* consequences, not merely the consequences themselves. *Id.* "Unless [Waite] adopted a criterion with the intent of causing the impact asserted, that impact itself does not violate the principle of race-neutrality." *Id.* Soler has not demonstrated that Waite excluded Motton in order to prevent blacks from serving on the jury.

Waite expressed reservations concerning Motton's ability to decide the case solely on the basis of the evidence presented. There is no discriminatory motive inherent in Waite's reason for excluding her. Thus, the court finds that the explanation given by Waite is race neutral. *See id.* at 1866. Since Soler has not come forward with any evidence of intentional discrimination, he is not entitled to a new trial.

### II. Waite's Motion for Costs

Soler also seeks reconsideration of this court's decision to award costs to Waite in the amount of $3,082.46. According to Soler, the award is "grossly excessive" and "outside applicable rules and law." *Soler's Opposition to Wait's [sic] Motion for Costs*, at 1.

As the prevailing party in this litigation, Waite is entitled to costs under Fed. R.Civ.P. 54(d).[3] Waite may recover all "allowable cost items" that are "reasonable and necessary." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir.1991). The items that may be taxed as costs are specified by statute. Pursuant to 28 U.S.C. § 1920, the court may assess the following costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.*

■ The bulk of Waite's costs are attributable to the fees of the court reporter. Soler asserts that the transcript fees are excessive insofar as they exceed the "regular copy rate." *See* Local Rule 45(b). Soler's assertion, however, is wholly unsubstantiated; he has provided no basis for concluding that the fees exceed the permissible rate. Even Soler does not suggest that the transcript fees are facially excessive. The court will not reduce the amount of recoverable costs without any hint as to how the transcript fees could be more properly calculated.

Soler further argues that even if the fees do not exceed the regular copy rate, they should be disallowed as unreasonable and unnecessary expenses. Many of the depositions taken by Waite, Soler states, were not necessary to an adequate defense. The only depositions used at trial were those of Soler and Waite themselves. Soler asks the court to disregard the costs for all other depositions that were not specifically used during the course of the trial.

■ Transcript fees, however, are not objectionable merely because the underlying deposition is not used at trial. The question is whether the particular deposition was reasonably necessary to the case, not whether it was actually employed in court. *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir.1981). Soler's objection crumbles under this standard.

---

**3.** Having made an offer of judgment that was rejected by Soler, Waite also seeks costs pursuant to Rule 68. But Rule 68 only applies to cases where the *offeree* obtains a judgment that is less favorable than the offer. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351–52, 101 S.Ct. 1146, 1149–50, 67 L.Ed.2d 287 (1981). The rule is inapplicable when, as in this case, the judg-ment is in favor of the offeror. *Id.* To the extent Soler objects to Waite's bill of costs on the ground that it does not comport with the requirements of Rule 68, Soler's objection is rejected. Since Waite prevailed at trial, he can recover all taxable costs, regardless of whether or not an offer of judgment was made.

Despite the fact that the depositions were not used at trial, the court is unable to conclude that they were unnecessary to this case. All of the depositions involved potential trial witnesses. Two of the deponents, Dr. Theodore Suchy and Dr. David Baaken, treated Soler. They could provide insight into Soler's alleged injuries. Soler's wife, who was also deposed, could likewise provide relevant information concerning his damages. Mary McHenry, the remaining deponent, was initially a codefendant. As such, she was not entirely detached from the facts giving rise to Soler's cause of action. In short, each one of these individuals had a substantial connection to Soler's case. None of the depositions were patently unreasonable or unnecessary to the litigation. For this reason, the court refuses to disallow the costs of the depositions and related fees.

■■■■ Soler's next objection is that the court should not have assessed a fee for the enlargement of his police "mug shot." The court finds that Waite may recover this fee. The costs of enlarging trial exhibits are recoverable, *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 123 F.R.D. 584, 589 (N.D.Ill.1988), and the particular fee at issue here is not unreasonable.

Finally, Soler contends that he was improperly charged for a $30 voided check involving a deposition witness fee. Soler should have taken a closer look at the bill of costs because this particular cost item was not included in Waite's total fee request. The objection is unfounded.

After considering Soler's objections to Waite's bill of costs, the court sees no basis for reconsideration of the fee award.

## CONCLUSION

For the foregoing reasons, Soler's motion to reconsider is denied in its entirety.

IT IS SO ORDERED.