BURLINGTON NORTHERN RAILROAD COMPANY, Plaintiff–Appellee,

v.

CITY OF SUPERIOR, WISCONSIN, Defendant–Appellant.

No. 92–1111.

United States Court of Appeals, Seventh Circuit.

Submitted March 24, 1992.

Decided May 1, 1992.

Rehearing Denied June 19, 1992.

James W. McBride, Anne M. Stolee, Laughlin, Halle, McBride, Lunsford & Fletcher, Washington, D.C., for plaintiff-appellee.

Jon C. Nordenberg, James F. Lorimer, Boardman, Suhr, Curry & Field, Madison, Wis., for defendant-appellant.

Before POSNER, FLAUM, and KANNE, Circuit Judges.

PER CURIAM.

The appellee (Burlington Northern) has asked us to dismiss this appeal and to impose sanctions against the appellant (the City of Superior) under Fed.R.App.P. 38 for filing a frivolous appeal. The railroad had sued the city, claiming that the city's tax on docks that load iron-ore concentrates violated the Railroad Revitalization and Regulatory Reform Act of 1976, 49 U.S.C. § 11503, which forbids states or their subdivisions to impose taxes that discriminate against interstate rail carriers. The district judge had granted summary judgment for the city, and the railroad appealed and we reversed, holding that there was a genuine issue of material fact concerning the legality of the tax under the Act. We did not reach, or even mention, what the city in its response to the motion to dismiss the appeal describes as its "alternate grounds for summary judgment ... that the 4-R Act violated the City's Tenth Amendment and Due Process rights under the United States Constitution." The district judge held that we had by implication necessarily rejected these grounds.

██ She was right. The city has explicably mischaracterized its own brief in the prior appeal. It did not argue that the federal statute was unconstitutional. It argued that its narrow interpretation of the statute should be accepted in order, among other reasons, to avoid constitutional questions under the due process clause and the Tenth Amendment. In rejecting the narrow interpretation, we necessarily rejected all the reasons that the city gave for its interpretation, whether or not we mentioned each and every one of them. *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.*, 866 F.2d 228, 232 (7th Cir.1988); *Knotts v. United States*, 893 F.2d 758, 761 (5th Cir.1990). If the city thought we had overlooked some of its reasons it could have filed a petition for rehearing. It did not. The statutory interpretation adopted in our opinion is the law of the case, binding on the district judge. *Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir.1991).

██ The city's misdescription of its own brief is sanctionable misconduct. The railroad shall have 14 days within which to submit a statement of its reasonable attor-

ney's fees incurred in defending against the city's appeal.

Motion to Dismiss Granted, With Sanctions.