**Jose M. SOLER, Plaintiff–Appellant,**

v.

**Charles F. WAITE, Officer of the Arlington Heights, Illinois, Police Department, Defendant–Appellee.**

No. 91–3161.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 22, 1993.

Decided March 24, 1993.

Rehearing Denied May 28, 1993.

Emanuel M. Krakauer (argued), Chicago, IL, for plaintiff-appellant.

Byron D. Knight, Sarah Hansen Sotos, Mark V. Puccio, Colleen Considine Coburn (argued), Knight, Hoppe, Fanning & Knight, Des Plaines, IL, for defendant-appellee.

Before CUDAHY, POSNER, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

This matter is before us on Mr. Soler's appeal of the district court's denial of his motion for reconsideration of his request for a new trial and of the court's award of $3,082.46 in costs to Officer Waite. *See Soler v. McHenry*, 771 F.Supp. 252 (N.D.Ill.1991). For the reasons that follow, we affirm the judgment of the district court.

# I

## BACKGROUND

### A. *Procedural History*

Following the dismissal of a state criminal charge of resisting arrest and a directed verdict of acquittal on the state criminal charge of disorderly conduct against him, Jose M. Soler brought a 42 U.S.C. § 1983 action against the police officer who arrested him. Mr. Soler alleged violations of his First, Fourth, Fifth, and Fourteenth Amendment rights. The only claim that survived summary judgment was Mr. Soler's allegation that Officer Waite had used excessive force in arresting him. This matter went to trial, and a jury returned a verdict for Officer Waite on December 5, 1990.

Pursuant to Federal Rule of Civil Procedure 59, Mr. Soler filed a motion for a new trial on December 17, 1990. He submitted that the sole African–American in the venire had been improperly struck under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). On January 10, 1991, Officer Waite filed a motion for costs pursuant to Federal Rules of Civil Procedure 54 and 68. Briefing was set on both matters.[1] On April 9, 1991, the district court denied the motion for a new trial and awarded costs in favor of Officer Waite in the amount of $3,082.46. On May 2, 1991, Mr. Soler filed a motion to reconsider the April 9 Order.[2] This motion was briefed by both parties, and on August 14, 1991, the district court denied the motion. *Soler v. McHenry*, 771 F.Supp. at 252. On September 16, 1991, Mr. Soler filed his Notice of Appeal.[3]

### B. *Ruling of the District Court on the Motion for Reconsideration*

In denying the motion for reconsideration, the district court rejected Officer Waite's argument that Mr. Soler could not object to the peremptory strike because Mr. Soler is himself not African–American. *Id.* at 254 (citing *Powers v. Ohio*, — U.S. —, —, 111 S.Ct. 1364, 1373, 113 L.Ed.2d 411 (1991)). The court noted that the record revealed that Officer Waite came forward with a nondiscriminatory

---

1. Mr. Soler declined to file memoranda in support either of his motion for a new trial or his opposition to Officer Waite's motion for costs.

2. The May 2 motion for reconsideration was filed more than 10 business days after the entry of judgment; therefore, we may not consider it as having been brought pursuant to Federal Rule of Civil Procedure 59(e). Rather, we shall treat it as having been made under Federal Rule of Civil Procedure 60(b). *Otto v. Variable Annuity Life Ins. Co.*, 814 F.2d 1127, 1139 (7th Cir.1986), *cert. denied*, 486 U.S. 1026, 108 S.Ct. 2004, 100 L.Ed.2d 235 (1988).

3. In an Order from this court dated March 16, 1992, we clarified our jurisdiction in this matter, limiting the scope of the appeal to the August 14, 1991 denial of the motion for reconsideration. The district court's Order addressed both the earlier denial of a new trial and the award of costs. We therefore shall address both issues.

reason for the challenge even before Mr. Soler could make out a prima facie case of discrimination. *See Batson,* 476 U.S. at 96–97, 106 S.Ct. at 1723. Officer Waite maintained that he chose to strike Mrs. Motton from the venire because she was a cardiology technologist and Mr. Soler had alleged that he had suffered pain during the arrest because of recent open heart surgery. The court believed that the reason offered by Officer Waite "does not reflect an intent to exclude blacks from the jury. His explanation is related to facts of this specific case and not some class-based characteristic or group affiliation." *Soler,* 771 F.Supp. at 254.[4] The court said that, although Mr. Soler had the burden of proof on the issue, he had presented no evidence that Officer Waite's explanation was pretextual. The court therefore rejected the argument that discrimination had been demonstrated by the fact that the challenge resulted in an all-white jury. *Id.* at 254–55.

As for the matter of costs, the court reiterated that, as the prevailing party under Federal Rule of Civil Procedure 54(d), Officer Waite was entitled to "all allowable cost items" that are "reasonable and necessary." *Id.* at 255. The court rejected Mr. Soler's contention that transcript fees exceeded the regular rate (he did not offer the court a reasonable basis for recalculation) and that some of the depositions were unnecessary because they were not used at trial. Relying on *Illinois v. Sangamo Constr. Co.,* 657 F.2d 855, 867 (7th Cir. 1981), the court asserted that depositions could be reasonable expenses even if they were not used at trial.[5] In short, the district court saw no reason to alter its earlier determination that Officer Waite was entitled to costs in the amount of $3,082.46.

## II

## ANALYSIS

### A. *Standard of Review*

■ We review the denial of a Rule 60(b) motion on an abuse of discretion standard, but in so doing we may not reach the merits of the underlying judgment. *Lee v. Village of River Forest,* 936 F.2d 976, 979 (7th Cir.1991); *Del Carmen v. Emerson Elec. Co.,* 908 F.2d 158, 161 (7th Cir.1990). The appellant bears the burden of proving the abuse of discretion. *Peacock v. Board of Sch. Comm'rs,* 721 F.2d 210, 213 (7th Cir.1983). The "abuse of discretion" standard

> simply means that we shall not second-guess the decision of a trial judge that is in conformity with established legal principles and, in terms of its application of those principles to the facts of the case, is within the range of options from which one could expect a reasonable trial judge to select.

*United States v. Koen,* 982 F.2d 1101, 1114 (7th Cir.1992).

### B. *Peremptory Challenge*

· ■ Mr. Soler argues that the district court abused its discretion in denying the motion for reconsideration of the denial of a new trial in light of Officer Waite's allegedly improper use of a peremptory challenge to strike from the venire the sole African–American woman, Mrs. Motton.

Our first inquiry is whether Mr. Soler made a proper objection at trial in order to preserve this issue for appeal. *See United States v. Neely,* 980 F.2d 1074, 1084 (7th Cir.1992) (to preserve an issue for appeal, timely objection on the correct grounds must be made at trial). During the voir dire, Officer Waite's counsel expressed his wish to exercise a peremptory challenge to strike Mrs. Motton. In a subsequent sidebar conference, Officer Waite's counsel offered an explanation for the use of the challenge: "[Mrs. Motton] is the lady who is an echocardiologist. And [Mr. Soler] has had heart surgery and is complaining about his heart." Tr. of Dec. 3, 1990 at 10.

---

4. The court also found it significant that Officer Waite offered his explanation without prompting from the court. *Soler,* 771 F.Supp. at 254 (citing *Hernandez v. New York,* — U.S. —,

———, 111 S.Ct. 1859, 1872, 114 L.Ed.2d 395 (1991)).

5. The court also rejected several other arguments that Mr. Soler has not renewed here.

Following this explanation, a brief exchange took place between Mr. Krakauer (Mr. Soler's attorney) and the court:

> MR. KRAKAUER: I like her.
>
> THE COURT: You like her, but your guy isn't black.
>
> MR. KRAKAUER: Nor is he white.
>
> THE COURT: He is not black. I would have no question if your client was black.

*Id.* On the strength of this exchange, Mr. Soler now maintains that the court clearly construed his comment, "I like her," as a proper objection to the peremptory challenge and that we may so regard it. Mr. Krakauer maintained at oral argument that he saw no need to make a clearer record of the objection at the time because the court construed his comment as a clear objection. It is true that, in its opinion, the district court appears to view the exchange as amounting to an objection: "Soler objected, suggesting that Motton was excluded solely because of her race. The court overruled Soler's objection, and impaneled the jury." *Soler,* 771 F.Supp. at 253.

Even assuming that Mr. Soler clears the preservation hurdle, we cannot conclude that his submission has merit. Mr. Soler contends that, at trial, the district court applied an erroneous standard in its ruling on the challenge to the juror. He argues that the district court did not understand that a party of one race may challenge the exclusion of a juror of another race. He further submits that the district court compounded the error by failing to acknowledge it in ruling on the motion for reconsideration. We believe these contentions are without substance. An examination of the district court's Order disposing of the motion for reconsideration makes it clear that the court was aware of the principles governing juror challenges. In denying the

motion for reconsideration, the district court relied on *Powers v. Ohio,* —— U.S. ——, ——, 111 S.Ct. 1364, 1373, 113 L.Ed.2d 411 (1991), an opinion rendered four months after the challenge had been made. In *Powers,* the Supreme Court held that "race is irrelevant to a defendant's standing to object to the discriminatory use of peremptory challenges." *Id.* Therefore, even if the district court had misapprehended the governing principle at the time of trial, it is clear that, at the time the court ruled on the motion for reconsideration, it understood the principle set forth in *Powers.*

Moreover, the district court found abundant support in the record to justify the peremptory challenge under the standard set forth in *Batson.* The court properly examined the reasons offered for the challenge and Mr. Soler's attempt to argue pretext, and concluded that the challenge was justified by the facts of the case and was sincerely race-neutral. It accepted the explanation that Mrs. Motton's specialized knowledge of cardiac problems might "color her ability to evaluate the facts from a neutral perspective." [6] *Soler,* 771 F.Supp. at 254. The district court also determined that Mr. Soler had not offered any evidence in support of his contention that the reasons offered were pretextual. The record abundantly supports this determination and we see no reason to disturb the district court's denial of the motion for a new trial.

## C. *Award of Costs*

 Mr. Soler also asked the district court to reconsider its award of $3,082.46 in costs to Waite as a "prevailing party" pursuant to Federal Rule of Civil Procedure 54(d).[7] Rule 54(d) creates a presump-

---

**6.** Mr. Soler further argues that the approval of the peremptory challenge is clearly wrong inasmuch as the judge had just granted a motion in limine excluding all testimony related to any claim that the alleged use of excessive force had aggravated his heart condition. In fact, the scope of the motion in limine did not bar all reference to the heart surgery. Tr. of Dec. 3, 1990 at 177–78. Mr. Soler was permitted to indicate that he felt pain in the area of his surgical incision; he was not allowed, however,

to assert that his condition had been aggravated by the arrest. Under the circumstances, we cannot say that the district court abused its discretion by finding this challenge perfectly justifiable and race-neutral in light of the fact that Mr. Soler's discomfort following heart surgery was a feature of the case.

**7.** The district court properly cited 28 U.S.C. § 1920, which permits the court to assess costs for clerk and marshal fees, court reporter transcript fees, printing and witness fees, copy fees,

tion that the prevailing party will recover costs; however, the decision to make the award is entrusted to the discretion of the district court. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991); *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 943 (7th Cir. 1988), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3241, 106 L.Ed.2d 589 (1989). In assessing a bill of costs, the district court must determine whether the costs are allowable and, if so, whether they are both reasonable and necessary. *See Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir.1991). In requesting reconsideration, Mr. Soler objected, broadly, to all "expenses and fees attendant to all depositions and acquisition of records but for the depositions of Soler and officer Waite." Pf's Br. in Support of Motion to Reconsider at 6. The district court gave careful consideration to the nature of the charges, properly rejecting Mr. Soler's assertion that costs for transcripts not actually used during the trial were improper. *See M.T. Bonk*, 945 F.2d at 1410; *Dovenmuehle v. Gilldorn Mortgage Midwest Corp.*, 871 F.2d 697, 701 (7th Cir.1989) (citing *Sangamo*, 657 F.2d at 867). The court also made specific findings that the depositions were taken of people who "had a substantial connection to Soler's case. None of the depositions were patently unreasonable or unnecessary to the litigation." *Soler*, 771 F.Supp. at 256.

Now Mr. Soler asks us to consider whether the district court abused its discretion by awarding costs for depositions for which Officer Waite failed to provide the reporter's per-page charge and the number of pages transcribed. *See Northbrook*, 924 F.2d at 642. In its denial of the motion to reconsider, the court rejected Mr. Soler's claims that the transcript fees were excessive on the ground that Mr. Soler had offered no basis for this assertion.[8] Mr. Sol-

er once again fails to offer us any basis for determining that the court has thereby abused its discretion.

Our deference to the district court's judgment in these matters is great; we shall not overturn the court's determination that the amount is reasonable absent clear abuse of discretion. *SK Hand Tool*, 852 F.2d at 943 (citing *Sangamo*, 657 F.2d at 864). We have reviewed the bill of costs submitted to the district court and note that the district court had given this document more than a cursory glance; indeed, the district court disallowed a portion of the deposition fee for Dr. Suchy, striking $350.00 from the total. The sums are modest enough, and we cannot say that the district court's acceptance of these figures can constitute abuse of discretion, particularly absent any clear demonstration that the figures are excessive.[9]

### Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

---

docket fees, court-appointed expert and interpreter fees, and fees for other special interpretation services. *Soler*, 771 F.Supp. at 255.

8. When asked at oral argument whether he had contacted Officer Waite's attorney to request figures about the number of transcript pages or the per-page fee, Mr. Soler's attorney replied that he had not done so.

9. *Cf. Weihaupt v. American Medical Ass'n*, 874 F.2d 419, 430–31 (7th Cir.1989) (remanding for further consideration when the district court made no findings that the costs were allowable and reasonable, and when the large figures made clear the need for careful study).