14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Francis M. SCOTT, Plaintiff-Appellant,
v.
Michael P. LANE, et al., Defendants-Appellees.
 No. 92-1428.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 20, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Francis Scott filed suit against several state prison officials at the Pontiac Correctional Center individually and in their official capacities, alleging that they subjected him to frequent cell searches and abusive treatment in violation of his Fourth, Eighth, and Fourteenth Amendment rights, and that they denied him due process of law during a disciplinary hearing. 42 U.S.C. Sec. 1983. The district court granted the defendants' summary judgment motion, but stated that it would reconsider its decision if Scott filed a response within twenty-one days. After receiving Scott's brief, the district court denied his motion for reconsideration. Scott appeals that decision.
 
 
 2
 Scott moved for reconsideration more than ten days after the final judgment was entered; thus, we will construe his motion as one filed pursuant to Federal Rule of Civil Procedure 60(b). Varhol v. National R.R. Passenger Corp., 909 F.2d 1557, 1561 (7th Cir.1990) (Rule 59(e) motion is untimely even though party relied on judge's extension of time to file a motion for reconsideration). We review the denial of a Rule 60(b) motion for an abuse of discretion. Soler v. Waite, 989 F.2d 251, 253 (7th Cir.1993). Because Scott does not base his claim on any of the reasons specified in subsections (1) through (5) of Rule 60(b), we must decide whether relief is warranted under the catchall provision of subsection (6).
 
 
 3
 Scott alleges that he was incorrectly classified as an extremely high escape risk and that the frequent cell searches during which he was handcuffed and chained to the cell bars for three to four hours at a time constituted cruel and unusual punishment. The district court found that Scott's security classification and his two prior escapes justified the searches and that the physical restraints, although uncomfortable, did not rise to the level of an Eighth Amendment violation. Since Scott did not contend that he remained in chains and handcuffs after the searches were completed or that the defendants exhibited any other behavior that would demonstrate their deliberate indifference to his pain, Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991), we cannot conclude that the district court's decision was unreasonable.
 
 
 4
 Next, Scott contends that the outcome of the disciplinary hearing was predetermined and that defendant Irvin filed false charges against him in violation of his due process rights. The district court determined that all the constitutionally required procedural safeguards had been followed, Wolff v. McDonnell, 418 U.S. 539, 563 (1974); Hamilton v. O'Leary, 976 F.2d 341, 344 (7th Cir.1992), and that consequently, charges of false allegations failed to state a due process claim. Hanrahan v. Lane, 747 F.2d 1137 (7th Cir.1984) (per curiam). Scott did not raise specific arguments or present any evidence to support his prejudgment theory before the district court. Thus, because the district court correctly applied the law, and Scott failed to show that extraordinary circumstances intimated that the underlying judgment was unjust, Lee v. Village of River Forest, 936 F.2d 976, 978 (7th Cir.1991), we conclude that the district court did not abuse its discretion in denying Scott's Rule 60(b) motion.
 
 
 5
 Finally, contrary to Scott's contention, the district court correctly examined the record of the entire two day hearing to find that no due process violation occurred. Scott's remaining arguments are waived because of his failure to raise them before the district court. Kafka v. Bellevue Corp., 999 F.2d 1117, 1124 (7th Cir.1993).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record