19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Walter JOHNSON, Petitioner-Appellant,
v.
Richard CLARK and Indiana Attorney General, Respondents-Appellees.
 No. 92-2934.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1994.*
Decided March 3, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 The district court entered judgment, on February 24, 1992, denying Walter Johnson's habeas corpus petition in which Johnson challenged the results of two prison disciplinary proceedings. But our jurisdiction in this appeal is limited to the July 28, 1992, denial of Johnson's post-judgment "Motion to Correct Errors." Johnson did not serve the motion on the respondents so as to toll the time to appeal the judgment, Simmons v. Ghent, 970 F.2d 392 (7th Cir.1992); see also Soler v. Waite, 989 F.2d 251 (7th Cir.1993) (motion for reconsideration did not toll time to appeal merits judgment and appellate review limited to motion's denial), and he voluntarily dismissed his earlier appeal from the February 24 judgment.
 
 
 2
 We treat Johnson's motion as one made under Federal Rule of Civil Procedure 60(b). United States v. Deutsch, 981 F.2d 299, 301 (7th Cir.1992). Such review, however, is quite narrow. The district court's decision may only be reversed upon a showing of an abuse of discretion, a burden placed upon the appellant. Soler, 989 F.2d at 253.
 
 
 3
 In his "Motion to Correct Errors" Johnson claims that the district court wrongly decided that his due process rights were not denied at a disciplinary hearing when his lay advocate failed to appear and prison officials refused to continue the hearing. The district court disagreed and denied the motion. On appeal, Johnson makes no attempt to show that the district court abused its discretion; rather, he argues that the February 24 judgment was incorrect for various reasons. An appellant who ignores the ground on which he lost in the district court cannot prevail. See Brooks v. Allison Division of General Motors Corp., 874 F.2d 489 (7th Cir.1989). The decision of the district court denying Johnson's Rule 60(b) motion is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)