51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Art FOREMAN, doing business as Ad-Cinema Design, Plaintiff-Appellant.
v.
BLOOMINGTON-NORMAL AIRPORT AUTHORITY, Michael Lapier, Paul
Streid, et al., Defendants-Appellees.
 No. 93-3819.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
Rehearing Denied April 19, 1995.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Appellant Art Foreman appeals the denial of his second Rule 60(b) motion. Foreman filed his first Rule 60(b) motion on March 22, 1993. The district court denied it, and Foreman did not appeal. Foreman filed a second motion pursuant to Rule 60(b) on October 4, 1993, which the district court denied in a marginal order.
 
 
 2
 Appellate review of the denial of a Rule 60(b) motion is limited. The reviewing court may not reach the merits of the underlying judgment, but only must determine whether the district court abused its discretion. Dickerson v. Bd. of Educ. of Ford Heights, 32 F.3d 1114, 1117 (7th Cir.1994); Soler v. Waite, 989 F.2d 251, 253 (7th Cir.1993); see also Mares v. Busby, 34 F.3d 533, 535 (7th Cir.1994) ("A district court will have abused its discretion only in situations in which no reasonable person could agree with the district court.").
 
 
 3
 Foreman makes no attempt to show that the district court abused its discretion. See Soler v. Waite, 989 F.2d at 253 ("The appellant bears the burden of proving the abuse of discretion."). Rather, he argues the merits of the dismissal of his complaint and therefore has forfeited review of the order appealed. Prymer v. Ogden, 29 F.3d 1208, 1214 (7th Cir.1994); Deeming v. American Standard, Inc., 905 F.2d 1124, 1129 (7th Cir.1990). Moreover, Foreman's second Rule 60(b) motion makes substantially similar arguments to those presented in his first motion. To the extent that the issues vary, we cannot say that the district court abused its discretion in denying the second motion. Cf. Planet Corp. v. Sullivan, 702 F.2d 123 (7th Cir.1983) (district court should not have entertained second Rule 60(b) motion where argument could have been raised in first motion and time to appeal merits judgment and first Rule 60(b) motion have long since run).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs and record, the request for oral argument is denied and the appeal is submitted on the briefs and record