53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Torrence TILLMAN, Petitioner/Appellant,
v.
Daniel R. McBRIDE, Superintendent, Westville Correctional
Center, Respondent/Appellee.
 No. 94-1644.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 2, 1995.
 
 1
 Before Pell, Manion and Rovner, Circuit Judge S.
 
 ORDER
 
 2
 In 1980 Torrence Tillman was convicted of burglary and rape in Indiana and was sentenced to thirty years of imprisonment. His conviction was affirmed by the Indiana Supreme Court. Tillman v. State, 426 N.E.2d 1149 (Ind. 1981). Tillman petitioned the district court for a writ of habeas corpus under 28 U.S.C. Sec. 2254, challenging, among other things, the sufficiency of evidence to convict him. The district court denied the petition, ruling that the state court's fact findings, which were presumed to be correct based upon the record, supported Tillman's conviction, and that other issues were procedurally defaulted. After an unsuccessful attempt to vacate the district court's judgment under Federal Rule of Civil Procedure 59(e), Tillman filed a motion for relief from judgment, alleging that respondent's counsel filed a false answer to his habeas corpus petition and "withheld pertinent facts showing the incorrectness of the State criminal finding." See Fed. R. Civ. P. 60(b)(3). The district court summarily denied Tillman's Rule 60(b) motion, and Tillman appeals from that denial.
 
 
 3
 It is well-established that Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. See Dickerson v. Board of Educ. of Ford Heights, Ill., 32 F.3d 1114, 1116 (7th Cir. 1994). We review a denial of a Rule 60(b) motion for an abuse of discretion and will reverse only if no reasonable person could agree with the trial court's judgment. O'Brien v. R. J. O'Brien & Associates, Inc., 998 F.2d 1394, 1401 (7th Cir. 1993). Because Rule 60(b) cannot be used as a substitute for appeal, we will not reach the merits of the underlying judgment. Soler v. Waite, 989 F.2d 251, 253 (7th Cir. 1993).
 
 
 4
 Rule 60(b)(3) permits the district court to relieve a party from a final order for fraud, misrepresentation, or other misconduct by the adverse party. To obtain relief under Rule 60(b)(3), the movant must prove that he has a meritorious claim but was prevented from fully and fairly presenting his case because of opposing party's fraud or misconduct. See Lonsdorf v. Seefeldt, No. 94-2745, slip op. at 6 (7th Cir. Feb. 15, 1995). Tillman alleged that respondent's counsel committed "constructive fraud" by withholding pertinent facts in the underlying habeas corpus proceeding. Although Tillman did not specify, the information allegedly withheld from the district court appears to be Tillman's own factual allegations that (1) the state prosecutor had used perjured testimony to convict him, and (2) a police officer had testified in Tillman's state criminal trial that the victim had identified someone other Tillman as the offender. According to Tillman, another police officer, who wrote the initial police report of the rape and burglary Tillman was convicted of, had given inconsistent testimony at a pretrial hearing and the trial.
 
 
 5
 We conclude that the district court did not abuse its discretion in denying Tillman's motion. As an initial matter, we note that the district court had examined the entire state record before denying Tillman's habeas corpus petition, and presumably, was aware of the "pertinent facts" allegedly withheld by respondent's counsel, such as government witnesses' trial testimony. More importantly, Tillman is merely attempting to relitigate his case. He had challenged the sufficiency of the evidence under the due process clause in his habeas corpus petition. He disagreed with the district court's application of the legal standard that the state court's findings of historical fact are presumed to be correct, see Lord v. Duckworth, 29 F.3d 1216, 1219 (7th Cir. 1994), and had in fact challenged unsuccessfully the district court's reliance on the state court's findings of fact in his Rule 59 motion. Now he is recasting the same argument in terms of fraud. There is no indication that respondent's counsel committed fraud, much less any misconduct that so prejudiced Tillman's underlying habeas corpus petition as to warrant the exceptional relief under Rule 60(b). See West v. Love, 776 F.2d 170, 176 (7th Cir. 1985).
 
 
 6
 In his appellate brief, the respondent asks us to sanction Tillman for prosecuting a frivolous appeal.[1] Fed. R. App. P. 38. Although we reserve the discretion to withhold sanctions, United States v. Flood, 965 F.2d 505, 504 (7th Cir.), cert. denied, 113 S. Ct. 437 (1992), we may award damages if an appeal is frivolous and when sanctions are appropriate. A-Abart Electric Supply, Inc. v. Emerson Elec. Co., 956 F.2d 1399, 1406 (7th Cir. 1992), cert. denied, 113 S. Ct. 194 (1992). An appeal is frivolous when "the result is foreordained by the lack of substance to the appellant's argument," Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir. 1989) (en banc), or when it "merely restates arguments that the district court properly rejected." A-Abart Electric Supply, Inc., 956 F.2d at 1406. The standard for determining frivolousness is objective and depends on the work product. Mars Steel Corp., 880 F.2d at 938.
 
 
 7
 We conclude that Tillman's appeal is wholly without merit. Other than his conclusory allegation of fraud by appellee's counsel, Tillman provides no specifics such as the alleged falsehood or misrepresentation. His appellate brief is cursory in the extreme and lacks substance, and appears to be another attempt (after this habeas corpus petition and Rule 59 motion were properly denied by the district court) to challenge the sufficiency of evidence supporting his underlying criminal conviction. Tillman, though proceeding pro se, is well-acquainted with the judicial system in that he had filed at least 30 lawsuits against various state officials since 1987. He could not have prosecuted this appeal with any reasonable expectations of altering the district court's judgment other than for purposes of "delay, harassment or sheer obstinancy." Mars Steel Corp., 880 F.2d at 938. Although we are inclined to impose sanctions, Federal Rule of Appellate Procedure 38, as amended effective December 1, 1994, requires either a separately filed motion or notice from the court before sanctions may be imposed. See McDonough v. Royal Caribbean Cruises, Ltd., No. 94-2762, slip op. at 3-4 (7th Cir. Feb. 16, 1995). This order shall be the required notice, and we defer final determination until appellant has had an opportunity to respond. The appellant shall therefore have 15 days to submit to this court any reasons why sanctions should not be imposed.
 
 
 8
 AFFIRMED with instructions.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Tillman has also made a motion for sanctions and disciplinary action against the appellee's counsel for alleged "impertinent immaterial and scandalous allegations" made in the appellate brief. See Circuit Rule 38. We find that Tillman's allegation is groundless and that sanctions against the appellee's counsel are inappropriate. Cf. Burlington Northern Railroad Co. v. City of Superior, Wisconsin:, 962 F.2d 619 (7th Cir. 1992) (stating that appellee's misdescription of its own brief is sanctionable misconduct). Accordingly, the motion is DENIED