65 F.3d 170
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Walter G. MATTHEWS, Jr., Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 94-3047.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 22, 1995.*
Decided Aug. 22, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judge.
 
 ORDER
 
 1
 Walter Matthews, Jr. is an Indiana prisoner who filed a petition for a writ of habeas corpus in the district court pursuant to 28 U.S.C. Sec. 2254. Matthews claims that he was deprived of due process of law when, after being found guilty in disciplinary hearings, he was not afforded second hearings before being demoted to a lower status where he could not earn good time credit. In addition, Matthews complains that he was denied earned good time credit without a second hearing. In an order dated June 27, 1994, the district court denied Matthews' petition because he did not allege a constitutional violation.
 
 
 2
 On July 20, 1994, Matthews filed a "Motion to Alter or Amend the Judgment" citing Fed.R.Civ.P. 59(e). The motion was not served on the respondent as required by Rule 59, so the district court construed the motion as one made pursuant to Fed.R.Civ.P. 60(b). The district court denied the motion on July 25, 1994. On August 15, 1994 Matthews mailed his notice of appeal from the July 25 order.
 
 
 3
 Matthews never served the motion, so it cannot be considered under Rule 59(e), and the district court properly converted the motion to one made pursuant to Rule 60(b). Simmons v. Ghent, 970 F.2d 392, 393 (7th Cir.1992); see Soler v. Waite, 989 F.2d 251, 252 n. 2 (7th Cir.1993). Because Rule 60(b) motions do not toll the appellate clock (unlike Rule 59(e) motions), Matthews' notice of appeal is timely only for the Rule 60(b) motion.
 
 
 4
 We review Rule 60(b) motions for an abuse of discretion and do not reach the merits of the underlying judgment when performing our review. Soler, 989 F.2d at 253. The district court may grant the motion under a variety of circumstances set forth in Rule 60(b). Matthews' motion did not argue any of those circumstances. Instead, he argued that the district court misinterpreted the law. He does the same here.
 
 
 5
 Matthews does not complain that he was denied due process during disciplinary proceedings in which he was found guilty and punished with reclassification that prevents him from earning good time credit, and deprived him of earned good time credit. Rather, he argues that Indiana Code Sec. 35-50-6-4 and Sec. 35-50-6-5[1] require that he receive a second hearing before imposition of the punishment. The mandatory statutory language, Matthews argues, creates a substantial liberty interest, and the respondent's failure to follow the statutes denied him due process.
 
 
 6
 In Sandin v. Conner, 115 S.Ct. 2293 (1995), the United States Supreme Court held that mandatory language in state statutes does not necessarily create a constitutionally protected liberty interest. The Supreme Court stated that the nature of the deprivation, not the wording of the statute, must be considered to determine if a constitutionally protected liberty interest has been created. We believe that the Indiana statutes do not create an additional liberty interest under Sandin. Because the prison followed the constitutionally mandated procedures set out in Wolff v. McDonnell, 418 U.S. 539 (1974), when imposing the deprivations of reclassification and denial of earned good time credit, Matthews was not deprived of his due process rights. The mandatory language used in the Indiana statutes does not create an additional due process hurdle that the prison must overcome. Neither the Wolff nor the Fourteenth Amendment require a second hearing.
 
 
 7
 Matthews has not argued any grounds under Rule 60(b) for relief from the judgment, nor any abuse of the district court's discretion by denying the Rule 60(b) motion. The judgment is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Section 35-50-6-4 states in relevant part:
 Before a person may be reassigned to a lower credit time class, he must be granted a hearing to determine his guilt or innocence and, if found guilty, whether reassignment is an appropriate disciplinary action for the violation.
 Section 4 also sets forth the hearing procedures mandated by Wolff v. McDonnell, 418 U.S. 539 (1974), and its later interpretations. Section 35-50-6-5 is the same as section 4, but substitutes the words "deprivation of good time credit" for the word "reassignment".